No. 26174

# The People of the State of Colorado v. Lester Thomas
(525 P.2d 1136)

Decided July 29, 1974.          Rehearing denied September 9, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Gregory L. Williams, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

MR. JUSTICE KELLEY delivered the opinion of the Court.

Lester Thomas appeals the denial of his motion for post-conviction review of sentence pursuant to 1971 Perm. Supp., C.R.S. 1963, 40-1-510(1)(f). We reverse.

Appellant was charged with attempted burglary under 1967 Perm. Supp., C.R.S. 1963, 40-3-5, and 1967 Perm. Supp., C.R.S. 1963, 40-25-1. On July 13, 1972, he was convicted by a jury of this offense, and on August 21, 1972, he was sentenced to a term of imprisonment of not less than eight and one-half nor more than ten years.

Appellant filed notice of appeal from this judgment of conviction on September 8, 1972. While his appeal was pending, appellant, on June 12, 1973, filed his motion in the trial court for post-conviction review of sentence. As amended April 19, 1973, the statute authorizes post-conviction review where it is alleged:

"That there has been a significant change in the law, applied to appellant's conviction or sentence, allowing in the interests of justice retroactive application of the changed legal standard." Colo. Sess. Laws 1973, ch. 152, 40-1-510(1)(f) at 533.

The basis of appellant's motion for relief was that section 40-2-101(4) and 40-4-203 of the Colorado Criminal Code, which became effective July 1, 1972, reclassified attempted

second-degree burglary as a class five felony and under section 40-1-105 of the code the penalty was reduced to not less than one nor more than five years.

■■ This case is not controlled by *People v. Herrera*, 183 Colo. 155, 516 P.2d 626. In *Herrera* we held that once an appellant has exhausted his appellate remedy of appeal and his conviction has become final, the trial court is without jurisdiction to entertain a motion for post-conviction review of sentence. In the instant case, however, appellant filed his motion before his conviction had become final. The court therefore had jurisdiction to entertain his motion for relief.

The record reflects the court conducted an evidentiary hearing. The defense presented evidence showing appellant had been a model prisoner. The prosecution introduced evidence showing several prior felony convictions. At the conclusion of the hearing, the court determined that the interests of justice would not be served by application of the changed legal standards. We disagree.

■ The legislature intended the changed legal standards to apply wherever constitutionally permissible. The amendment to the savings clause of the Criminal Code makes this clear. 1971 Perm. Supp., C.R.S. 1963, 40-1-103(2), provided: "The provisions of this Code do not apply to or govern the construction of, prosecution for, and punishment for any offense committed prior to July 1, 1972, or the construction and application of any defense to a prosecution for such an offense. Such an offense shall be tried and disposed of according to the provisions of law existing at the time of the commission thereof in the same manner as if this code had not been enacted."

Effective April 19, 1973, this section was amended to read: "*Except as otherwise expressly provided by section 40-1-510,* the provisions of this code do not apply to or govern the construction of, prosecution for, and punishment for any offense committed prior to July 1, 1972, * * *." (Emphasis added.) Colo. Sess. Laws 1973, ch. 152, 40-1-103(2) at 533. Section 40-1-510(1)(f) expressly provides for the application of the changed legal standards. This is especially appropriate

where a change in the law reducing the sentence intervenes before conviction is had and sentence is imposed, as in the present case.

■ The view that amendatory legislation mitigating the penalties for crimes should be applied to any case which has not received final judgment finds substantial support in the common law. *See In re Estrada,* 63 Cal.2d 740, 48 Cal. Rptr. 172, 408 P.2d 948; *People v. Odom,* 8 Ill. App. 3d 227, 289 N.E.2d 663; *People v. Oliver,* 1 N.Y.2d 152, 151 N.Y.S.2d 367, 134 N.E.2d 197; *State v. Pardon,* 272 N.C. 72, 157 S.E.2d 698; *Belt v. Turner,* 25 Utah 2d 230, 479 P.2d 791.

■ In view of the legislative intent to effectuate uniformity wherever possible, the trial court erred in refusing to apply the changed legal standard. Accordingly, on remand, the court should resentence in accordance with section 40-1-105 of the Criminal Code.

Judgment reversed and cause is remanded for resentencing.

MR. JUSTICE HODGES, MR. JUSTICE LEE, and MR. JUSTICE ERICKSON dissent.

MR. JUSTICE LEE dissenting.

I respectfully dissent.

The majority holds that the application of the changed legal standards of punishment is mandatory in the fact situation here presented. I disagree with this holding.

In my view, it is clear that whether the sentencing court shall apply the changed legal standards of punishment, pursuant to section 40-1-510(1)(f), is discretionary with the court. This interpretation logically follows the language of the statute, which was amended by the general assembly in 1973 by changing the words "* * * *requiring* in the interest of justice * * *" to "* * * *allowing* in the interest of justice * * *." Colo. Sess. Laws 1973, ch. 152, 40-1-510(1)(f) at 533. This was the interpretation of both the defense counsel and the district attorney in the trial court where the motion for post-conviction relief was presented. The public defender here on appeal also viewed the authority of the court to impose the changed legal standards as a matter of discretion.

He argued, however, that the court abused its discretion in not applying the new sentencing statute.

The record reflects the court conducted an evidentiary hearing on defendant's motion. The defense presented evidence showing appellant had been a model prisoner. The prosecution introduced evidence showing several prior felony convictions. At the conclusion of the hearing, the court made the following findings:

"That defendant's behavior since being incarcerated for this offense has been somewhat better than that of the average penitentiary inmate.

"That sentencing Exhibit 'A', FBI Report of previous convictions of defendant reveals many prior felony convictions and that this was taken into consideration by this Court at time of sentencing. That at today's hearing defendant testified that as to at least six prior felony convictions, some of same having been tried to a jury, defendant was represented by counsel.

"That a major factor in sentencing is the desirability of rehabilitation. That defendant has exhibited a strong disinclination to be rehabilitated. That defendant is an obvious threat to society."

The court determined that the interests of justice would not be served by application of the changed legal standards.

Appellant argues that the trial court abused its discretion in view of appellant's exemplary behavior while in prison and in view of the recommendation of low minimum terms contained in ABA, *Standards Relating to Sentencing Alternatives and Procedures* § 3.2. We recognize that low minimum terms are desirable in that they provide the parole department flexibility in fulfillment of its rehabilitation function.

In the present case, however, there is nothing in the record to support appellant's claim that the trial court abused its discretion in refusing to modify the sentence imposed.

We note that in the few states where the courts have applied newly enacted standards of punishment to pending criminal cases where the criminal act occurred prior to the enactment, as set forth in the majority opinion, there was no

legislative direction as to how the new penalties were to be applied. In Colorado, the general assembly has directed that, where constitutionally permissible, the courts *may* in the interest of justice apply the changed legal standards of punishment. This, in my view, is the distinguishing factor. The general assembly has directed that application of the changed legal standards be discretionary, not mandatory.

The judgment should be affirmed.

I am authorized to say that MR. JUSTICE HODGES and MR. JUSTICE ERICKSON join in this dissent.