## No. 26702

## Marvin McClure v. The District Court of the Fourth Judicial District and the Honorable William E. Rhodes

(532 P.2d 340)

Decided February 3, 1975.                    Rehearing denied March 10, 1975.

Marvin McClure, pro se.

Robert L. Russel, District Attorney, Terry L. Perlet, Chief Deputy, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an original proceeding by which Marvin McClure, petitioner, seeks relief from a sentence imposed by respondent district court for his conviction of the crime of forgery. We issued our rule to show cause why the relief should not be granted. The respondent has answered and the matter is now at issue. We make the rule absolute.

On March 6, 1972, McClure was convicted by a jury in the El Paso County district court of forgery in violation of C.R.S. 1963, 40-6-1. He was sentenced to serve a term of not less than eleven nor more than thirteen years in the state penitentiary. McClure has appealed from his conviction and the appeal is now pending.

Pursuant to a motion for reduction of sentence, the district court reduced the sentence to nine to nine and one-half years to conform to the amended sentencing provisions of 1971 Perm. Supp., C.R.S. 1963, 40-1-105, which provided for a sentence in class 4 felonies of not less than one nor more than ten years.

The general assembly enacted Colo. Sess. Laws 1973, ch. 145, 39-11-101(1)(b), at 503, and 39-11-304(2)(a), at 504, which became effective July 6, 1973. These amendments provided for the imposition of indeterminate sentences for class 4 and class 5 felonies, with a maximum not to exceed the maximum provided by law, which in the present case is ten years. Pursuant to this enactment, McClure filed a second motion for modification of his sentence to an indeterminate term. The court denied this motion on November 6, 1973.

Thereafter, on June 13, 1974, the Governor, on recommendation of the clemency board, entered an order commuting McClure's sentence to a term of not less than six nor more than nine and one-half years.

Our decision in *People v. Thomas,* 185 Colo. 395, 525 P.2d 1136, was announced on July 29, 1974, and thereafter McClure filed another motion seeking modification of his sentence to an indeterminate term as allowed by *Thomas,* inasmuch as his conviction, which is still pending on appeal, had not yet become final. In *Thomas,* we said a defendant whose conviction has not become final is entitled to the benefits of amendatory legislation mitigating the penalty for the crime of which he was convicted.

The court initially granted McClure's motion and ordered an

indeterminate sentence. However, it was brought to the court's attention that the Governor had earlier commuted McClure's sentence. On rehearing at the instance of the district attorney, the court held it had no jurisdiction to further modify McClure's sentence in view of the earlier executive commutation. The court thereupon denied McClure's motion.

Here, the People argue that the district court was correct in holding it had no further jurisdiction to modify the sentence by reason of the following decisions: *People v. Simms,* 186 Colo. 447, 528 P.2d 228; *People v. Rupert,* 185 Colo. 288, 523 P.2d 1406; *People v. Herrera,* 183 Colo. 155, 516 P.2d 626; *People ex rel. Dunbar v. Dist. Ct.,* 180 Colo. 107, 502 P.2d 420.

■ We do not agree that under the facts of this case the court lost jurisdiction to modify the sentence because of the commutation ordered by the Governor. The purport of those decisions is that once the conviction has become final the court lacks further jurisdiction to modify a sentence validly imposed, as to do so would encroach upon the executive power of the Governor to grant executive commutation pursuant to Article IV, Section 7, of the Colorado Constitution. The prisoner's remedy when his conviction has become final is to seek relief through the Executive Department.

■ In this case, jurisdiction remained in the judicial branch, inasmuch as the conviction had not become final, to modify the sentence to effectuate uniformity in sentencing for conviction of like crimes, as intended by the legislature and expressed in *People v. Thomas, supra.*

We observe that under our ruling in *Thomas* the only modification that could properly be made in McClure's sentence would be the imposition of an indeterminate sentence. The Governor's commutation left McClure with a fixed minimum and maximum sentence, which is no longer appropriate under the 1973 amendatory legislation. We therefore view the relief McClure requested in the district court as appropriate under these circumstances, and the court is directed to resentence McClure accordingly.

Rule made absolute.