**No. 26744**

**Eugene Shook v. The District Court in and for the Fourteenth Judicial District and State of Colorado, and Don Lorenz, one of the Judges thereof**

(533 P.2d 41)

Decided March 17, 1975.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Timothy S. Borden, Deputy, Thomas M. Van Cleave III, Deputy, for petitioner.

Carroll E. Multz, District Attorney, Donna A. Salmon, Deputy, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an original proceeding in which Eugene Shook, petitioner, seeks relief from a sentence imposed by respondent district court for his conviction of conspiracy to commit forgery. We issued our rule to show cause why the relief should not be granted. The respondent has answered and the matter is now at issue. We make the rule absolute.

On September 12, 1972, petitioner was convicted of conspiracy to commit forgery and was sentenced to a term of imprisonment in the penitentiary of not less than five nor more than eight years. He appealed his conviction on October 4, 1972.

While petitioner's appeal was pending, on August 26, 1974, petitioner filed his motion for reduction of sentence pursuant to 1971 Perm. Supp., C.R.S. 1963, 40-1-510(1)(f).[1] It was shown that the crime of conspiracy to commit forgery is a class 4 felony; and that, while the sentence imposed by the court was within the one to ten-year minimum and maximum authorized by the statute in effect at the time of sentencing (1971 Perm. Supp., C.R.S. 1963, 40-1-105), the statute had been amended during the pendency of the appeal. The general assembly enacted Colo. Sess. Laws 1973, ch. 145, 39-11-101(1)(b), at 503, and 39-11-304(2)(a), at 504, which became effective July 6, 1973, to provide for the imposition of indeterminate sentences for class 4 and class 5 felonies, without a fixed minimum but with a maximum not to exceed the maximum provided by law, which shall not be less than one-third of the maximum penalty which in the present case is ten years.

While petitioner's motion for reduction of sentence was pending, this Court, on October 21, 1974, affirmed petitioner's conviction in *People v. Shook,* 186 Colo. 339, 527 P.2d 815. Thereafter, on January 3, 1975, respondent court denied petitioner's motion for reduction of sentence, holding that since the appeal had become final on October 21, 1974, the district court lost jurisdiction to hear the motion for reduction, and that petitioner's remedy for relief was by way of executive commutation. Petitioner's motion for reconsideration was also denied by the court.

■ We hold that respondent court erred in not granting the relief sought by petitioner under our previous pronouncements that a defendant is entitled to the benefits of amendatory legislation which mitigates penalties for crimes, *when the relief is sought before finality has attached to the judgment of conviction.* This is the clear import of *People v. Thomas,* 185 Colo. 395, 525 P.2d 1136, and its progeny.

---

[1]Now section 18-1-410(1)(f), C.R.S. 1973.

■ Here, respondent court recognized that the relief was sought before finality attached but believed the court was ousted of jurisdiction when, before the motion could be heard, the judgment of conviction was affirmed on appeal. Jurisdiction to grant the relief in the district court attached when the motion for relief was timely filed. Under the circumstances, petitioner was, without rational dispute, entitled to the relief as a matter of law, and the relief could have been granted forthwith. We will not penalize a defendant who has timely sought relief, to which he is clearly entitled under *People v. Thomas, supra,* because of a delay in the hearing of the motion, whether caused by docket congestion or otherwise. The record does not disclose the particular cause of delay in hearing the motion, which was filed in August of 1974, but not finally determined until January 24, 1975, when petitioner's motion for reconsideration was denied.

We find the district attorney's argument for a contrary result to be without substance or merit.

Rule made absolute.