## No. 26806

**Ned Naranjo v. The District Court in and for the Tenth Judicial District and State of Colorado, and Matt Kikel, one of the Judges thereof**

(536 P.2d 36)

Decided June 2, 1975.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Forrest W. Lewis, Deputy, Kenneth Dresner, Deputy, for petitioner.

J. E. Losavio, Jr., District Attorney, Patricia W. Robb, Deputy, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

In this original proceeding, petitioner seeks relief from a sentence of sixty years to life imprisonment, imposed upon his conviction by a jury of second-degree murder. We issued our rule to show cause why the relief prayed for should not be granted. The respondents have answered and the matter is now at issue. We make the rule absolute.

On February 27, 1970, petitioner was convicted of murder in the second degree. He was thereafter sentenced, on June 8, 1970, to a term in the state penitentiary of not less than sixty years nor more than life imprisonment.

On appeal, by decision rendered April 23, 1973, in *People v. Naranjo,* 181 Colo. 273, 509 P.2d 1235, petitioner's conviction was affirmed.

While the appeal was pending, on July 10, 1972, petitioner filed his motion for a reduction of sentence pursuant to 1971 Perm. Supp., C.R.S. 1963, 40-1-510(1)(f),[1] on the grounds that the legislature had enacted the Colorado Criminal Code, which became effective July 11, 1972, and which classified second-degree murder as a class 2 felony, fixing the punishment therefor at a minimum of ten years and a maximum of fifty years. 1971 Perm. Supp., C.R.S. 1963, 40-1-105.[2] The trial court denied the motion on July 13, 1972, on the basis that the new statute could not be given retroactive application.

The trial court, in announcing its decision on petitioner's motion, did not have the benefit of the many recent decisions interpreting section 40-1-510(1)(f), wherein we held that a defendant is entitled to the benefits of amendatory legislation mitigating the penalty for a crime where a de-

---

[1]Now section 18-1-410(1)(f), C.R.S. 1973.
[2]Now section 18-1-105, C.R.S. 1973.

fendant seeks relief from the sentence imposed before his conviction has become final.

In *People v. Thomas,* 185 Colo. 395, 525 P.2d 1136, this court held that in view of the legislative intent to effectuate uniformity wherever possible the trial court must apply the new sentence authorized by the amendatory legislation. In our view, *Thomas* is dispositive of the present case. Although petitioner's conviction became final before this original proceeding was commenced, he will not be denied the relief to which he is entitled as a matter of law under *Thomas, supra,* where, as here, he sought the relief in the trial court before his conviction had become final on appeal. *Shook v. District Court,* 188 Colo. 76, 533 P.2d 41.

The district court is directed to resentence petitioner in accordance with the provisions of the Colorado Criminal Code, section 40-1-105.