MR. JUSTICE KELLEY
delivered the opinion of the Court.
Defendant appeals the district court’s denial of his Crim.P. 35 motion challenging the legality of the sentence imposed upon his conviction of theft. 1967 Perm.Supp., C.R.S. 1963, 40-5-2[1] The court ruled that de *137 fendant was not entitled to indeterminate sentencing, because the indeterminate sentencing statutes (Colo. Sess. Laws 1973, ch. 145, 39-11-101(1)(b)[2] at 503, and 39-1 l-304(2)(a)[3] at 504) were not in effect at the time of the commission of the crime. Defendant, however, contends that he is entitled to such sentencing because the statute was effective on the date of his conviction and sentencing. We agree with defendant and reverse.
On May 26, 1972, defendant was indicted for the commission of a theft occurring on May 24, 1972. On July 6, 1973, the indeterminate sentencing statutes became effective in Colorado, providing that no minimum sentence shall be imposed in Class 4 felony convictions, and that the maximum sentence imposed shall be no greater than the statutory maximum for Class 4 felonies and that it shall be no less than one-third of the statutory maximum.
On September 28, 1973, defendant pled guilty to the charge of theft, which was a Class 4 felony[4] punishable by a sentence of a minimum of one year and a maximum of ten years. 1971 Perm. Supp., C.R.S. 1963, 40-1-105(1).[5] Prior to the last date on which a Notice of Appeal could be filed, defendant filed a Crim.P. 35 motion in the district court for a reduction or correction of sentence on the grounds that he was entitled to indeterminate sentencing. The motion was denied and defendant perfected this appeal.[6]
The issue presented by this appeal is whether a defendant convicted in a criminal proceeding which is not yet final is entitled to indeterminate sentencing in a Crim. P. 35 proceeding if the statute requiring such sentencing became effective after the commission of the crime but prior to the date of conviction and sentencing.
In People v. Thomas, 185 Colo. 395, 525 P.2d 1136 (1974), we held that a defendant was entitled to the benefit of amendatory legislation which became effective at any time before the conviction became final on appeal. We have reiterated the rationale of Thomas in two recent cases where we held that a defendant is entitled to indeterminate sentencing which was not in effect at the time of defendant’s conviction or sentencing but which became effective before the conviction became final on appeal. Shook v. District Court, 188 Colo. 76, 533 P.2d 41 (1975); McClure v. District Court, 187 Colo. 359, 532 P.2d 340 (1975).
*138 These cases are dispositive of the instant case. Defendant is entitled to be sentenced under the indeterminate sentencing provisions.
The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
MR. JUSTICE ERICKSON does not participate.

 Now section 18-4-401, C.R.S. 1973.

 Now section 16-1 l-101(l)(b), C.R.S. 1973.

 Now section 16-1 l-304(2)(a), C.R.S. 1973.

 The value of the stolen object exceeded $100. 1967 Perm. Supp., C.R.S. 1963, 40-5-2(2) which is now section 18-4-401(2), C.R.S. 1973.

 Now section 18-1-105(1), C.R.S. 1973.

 Subsequently, on January 10, 1974, defendant filed the identical motion, and at the hearing on February 15, 1974, presented evidence to show that defendant was sentenced under the indeterminate sentencing statute for a Class 4 felony at a later trial, under identical circumstances. Because of the disposition of this case on appeal, we do not reach defendant’s due process and equal protection arguments raised in his second Crim.P. 35 motion.