## No. 27054

**Gerald Lee Salas v. The District Court in and for the Second Judicial District and State of Colorado, and Henry E. Santo, one of the judges thereof**

(548 P.2d 605)

Decided April 12, 1976.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Norman R. Mueller, Deputy, for petitioner.

Dale Tooley, District Attorney, Thomas P. Casey, Chief Deputy, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an original proceeding. On January 2, we issued our rule to the respondent district court to show cause why petitioner should not be resentenced under the sentencing provisions of the Colorado Criminal Code. The respondent has answered and the matter is now at issue. We make the rule absolute.

Petitioner was convicted of second-degree murder on September 26, 1969, and sentenced under the provisions of 1965 Perm. Supp., C.R.S. 1963, 40-2-3(3), to a term of twenty-two years to life in the state penitentiary. The conviction was affirmed in *Salas v. People*, 181 Colo. 321, 509 P.2d 586.

While this appeal was pending, on January 19, 1973, petitioner moved for a review of his sentence pursuant to 1971 Perm. Supp., C.R.S. 1963, 40-1-510(1)(f).[1] He sought to be resentenced under the provisions of the Colorado Criminal Code, now section 18-3-103, C.R.S. 1973, which define second-degree murder as a class two felony punishable by from ten to fifty years in the penitentiary, as provided by section 18-1-105, C.R.S. 1973. The trial court denied the motion on the ground that the new statute could not be given retroactive application. Petitioner later made two like motions after the affirmance of his conviction, but these were also denied.

In this proceeding, petitioner seeks relief from the denial of his motion of January 19, 1973. Under our numerous recent decisions, he is clearly entitled to such relief.

We held in *People v. Thomas*, 185 Colo. 395, 525 P.2d 1136, that a defendant is entitled to the benefits of amendatory legislation which mitigates penalties for crimes when the relief is sought before finality has attached to the judgment of conviction. The rule enunciated in *Thomas* has been applied repeatedly, *see, e.g., Naranjo v. Dist. Ct.*, 189 Colo. 21, 536 P.2d 36; *Shook v. Dist. Ct.*, 188 Colo. 76, 533 P.2d 41; *McClure v. Dist. Ct.*, 187 Colo. 359, 532 P.2d 340.

In *Naranjo v. Dist. Ct.*, we stated:

"Although petitioner's conviction became final before this original proceeding was commenced, he will not be denied the relief to which he is entitled *as a matter of law* under *Thomas, supra*, where, as here, he sought the relief in the trial court before his conviction had become final on appeal. *Shook v. District Court*, 188 Colo. 76, 533 P.2d 41." (Emphasis added.)

---

[1] Now section 18-1-410(1)(f), C.R.S. 1973.

It is not disputed that petitioner sought resentencing approximately three months before finality had attached to his conviction.

Respondent argues that we should discharge the rule for the reason that an appeal was taken, and is now pending in the court of appeals, from the order of the trial court denying petitioner's most recent 35(b) motion in which he sought similar relief. We decline to do so in view of petitioner's clear entitlement as a matter of law to the relief which he seeks in this original proceeding.

The rule is made absolute and the district court is directed to resentence petitioner in accordance with the provisions of section 18-1-105, C.R.S. 1973.

MR. JUSTICE DAY and MR. JUSTICE ERICKSON do not participate.