MR. CHIEF JUSTICE PRINGLE
delivered the opinion of the Court.
On June 4, 1974, Evert Owen Litsey, the petitioner herein, was convicted of a class 4 felony which carried a maximum penalty of 10 years in the State Penitentiary. An habitual criminal count had been filed in connection with this felony. Since Litsey had been convicted of felonies in 1961 and 1962, he was sentenced to 15-20 years in the State Penitentiary pursuant to the provisions of the statute providing for enhanced penalties for those who had previous felony convictions. On July 1, 1976, the “habitual” criminal statute was amended to exclude from its sentence enhancing provisions consideration of felonies committed more than 10 years before the commission of the crime for which the person was being sentenced. Section 16-13-101, C.R.S. 1973 (1976 Supp.).
Litsey’s conviction on the substantive charge was affirmed by this court in an opinion released on October 18, 1976. 192 Colo. 19, 555 P.2d 974 (1976). A petition for rehearing was timely filed. The petition for rehearing was denied on November 15, 1976 and remittitur issued on November 17. Meanwhile, on October 27, 1976, Litsey filed a motion for reduction of sentence alleging a significant change in the law as provided for in Crim.P. 35(b) and section 18-l-410(f), C.R.S. 1973. The district court determined that the motion for postconviction relief was timely filed but denied it, holding that the change in the law did not operate to benefit those who had been convicted prior to its change. We do not agree and, therefore, make the rule absolute.
I.
The respondent now contends that the motion for reduction of sentence was not timely because it was filed after the decision of this court had been announced in the case dealing with the substantive crime. We have pointed out in People v. Herrera, 183 Colo. 155, 516 P.2d 626 *343 (1973), that motions filed pursuant to Crim.P. 35(b) and section 18-1-410(f), C.R.S. 1973, may be filed at any time before the conviction becomes final. No decision of this court is final until the time for filing a petition for rehearing has passed or until the date when a petition for rehearing, timely filed, has been denied. Accordingly, the judgment in the original appeal was not final until November 15, 1976, and the motion filed on October 27 was, as the trial court found, within time.
II.
In 1976, while Litsey’s original conviction was still on appeal in this court, the legislature amended section 16-13-101(1), C.R.S. 1973 (1976 Supp.), to provide in pertinent part as follows:
“Every person convicted in this state of any felony for which the maximum penalty prescribed by law exceeds five years who, within ten years of the date of the commission of said offense, has been twice previously convicted upon charges separately brought and tried . . . shall be adjudged an habitual criminal. . . .”
Prior to this amendment, the habitual criminal statute permitted the inclusion, for the purpose of enhancing sentences, of any prior felony convictions no matter how remote in time. Compare section 16-13-101, C.R.S. 1973. Both of the prior convictions used to enhance the petitioner’s sentence occurred more than ten years prior to the commission of the offense for which he was sentenced. Since the amendment operates to exempt the petitioner from the application of the habitual criminal statute, thereby having the effect of reducing the petitioner’s sentence, it is clearly in the nature of ameliorating or mitigating legislation.
Colorado is firmly committed to the doctrine that where amendatory legislation mitigates penalties for crimes, one convicted of those crimes is entitled to the benefits of that legislation if relief is sought before finality has attached to the conviction. People v. Thomas, 185 Colo. 395, 525 P.2d 1136 (1974); see Salas v. The District Court, 190 Colo. 447, 548 P.2d 605 (1976) and cases cited therein. The respondent contends that since the 1976 legislature enhanced the penalties for those who came within the amended definition of. habitual criminals, the legislation cannot be deemed to be ameliorating legislation. The difficulty with this position is that the habitual criminal act does not state a substantive offense but is merely one which deals with the punishment which should be applied in cases covered by that act. Casias v. People, 148 Colo. 544, 367 P.2d 327 (1961), cert. denied, 369 U.S. 862, 82 S.Ct. 952, 8 L.Ed.2d 20 (1962).
Here the legislature determined that the enhanced punishment could only apply if the earlier crimes bringing the statute into play had occurred within 10 years of the substantive offense. It excluded from consideration for enhanced punishment those whose earlier crimes did not occur within the statutory period. Clearly it evidences the intent of the legislature not to be as severe with one whose earlier crimes had occurred *344 in the distant past. Since the motion was timely filed, the petitioner was entitled to have his sentence determined without the application to him of the habitual criminal provisions.
We make the rule absolute with directions to the trial court to resentence in accordance with the views expressed herein.
MR. JUSTICE HODGES and MR. JUSTICE CARRIGAN do not participate.