The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Horatio Angelo MACIAS,
Defendant-Appellee.

The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Florentino SALMERON,
Defendant-Appellee.

Nos. 79SA491, 79SA541.

Supreme Court of Colorado,
En Banc.

July 20, 1981.

Dale Tooley, Dist. Atty., Second Judicial
District, Brooke Wunnicke, Chief Appellate
Deputy Dist. Atty., Donald Eberle, Guy Till,
Deputy Dist. Attys., Denver, for plaintiff-
appellant.

Wade H. Eldridge, Denver, for defendant-appellee Macias.

Montano & Encinas, P. C., Duane Montano, Denver, for defendant-appellee Salmeron.

DUBOFSKY, Justice.

The People appeal under section 16–12–102, C.R.S.1973 (1978 Repl.Vol. 8), separate trial court rulings reducing the sentences of Florentino Salmeron and Horatio Angelo Macias.[1] We disapprove the trial courts' rulings.

On March 13, 1979, Salmeron pled guilty to sale of a narcotic drug under section 12–22–322(1)(b), C.R.S.1973 (1978 Repl.Vol. 5). On April 26, 1979, the trial court sentenced him to the penitentiary for a term of not less than fourteen nor more than sixteen years. On July 17, 1979, Salmeron filed a Crim.P. 35(a) motion seeking a reduction in his sentence. The trial court granted the motion and reduced his sentence to a term of not less than nine nor more than ten years.

On November 28, 1977, a jury found Macias guilty of possession for sale of narcotic drugs under section 12–22–322(1)(a), C.R.S. 1973 (1978 Repl.Vol. 5). The trial court sentenced him on February 2, 1978, to the penitentiary for a term of not less than fifteen nor more than twenty years. On April 24, 1979, the trial judge reduced the sentence to a term of not less than twelve nor more than fifteen years. Macias then filed a Crim.P. 35(b) motion to correct his sentence. The trial court granted the motion and resentenced him to a term of not less than eight nor more than ten years.

Salmeron and Macias argued to the trial courts that their sentences should be reduced because the first version of House Bill 1589,[2] the determinate sentencing law, classified the sale of narcotic drugs as a class 4 felony bearing a sentence of two to four years. Alternatively, they argued that they were entitled to the benefits of Senate Bill 530,[3] which reclassified a violation of section 12–22–322(1) as a class 3 felony, because it was amendatory legislation mitigating a penalty.[4] *People v. Thornton*, 187 Colo. 202, 529 P.2d 628 (1974); *People v. Thomas*, 185 Colo. 395, 525 P.2d 1136 (1974).

Although the cases are consolidated on appeal, the rulings of the trial judges differed. The trial judge who resentenced Salmeron adopted the first argument. The trial judge who granted Macias' motion for correction of sentence adopted the alternative argument. Therefore, we consider each ruling separately.

■ The General Assembly adopted the first version of H.B.1589 in June, 1977. In 1978, the General Assembly postponed the effective date of this bill to April 1, 1979. *See People v. McKenna*, Colo., 611 P.2d 574 (1980). At the 1979 session of the General Assembly, a second version of H.B.1589,[5] amending the original determinate sentencing bill, was adopted, and signed by the Governor on March 29, 1979. Among the amendments enacted by the General Assembly were section 23, delaying the effective date of the first version of H.B.1589 to July 1, 1979, and section 25, providing that the second version of H.B.1589 would become prospectively effective on July 1, 1979.[6]

1. These cases were consolidated on appeal.

2. Colo.Sess.Laws 1977, ch. 216.

3. Colo.Sess.Laws 1979, ch. 99.

4. Under section 12–22–322(2)(c), C.R.S.1973 (1978 Repl.Vol. 5), whoever violates section 12–22–322(1) "shall be punished by imprisonment in the state penitentiary for not less than ten nor more than twenty years...." Under section 18–1–105, C.R.S.1973 (1978 Repl.Vol. 8), the minimum sentence for a class 3 felony was five years and the maximum, forty years.

5. Colo.Sess.Laws 1979, ch. 157.

6. The first version of H.B.1589 did not provide that it was to be prospective only. Among other changes, the second version amended the first version to give it exclusively prospective effect. Section 18–1–410(1)(f), C.R.S.1973 (1978 Repl.Vol. 8), and Crim.P. 35(b)(1)(VI) permit a defendant to file a post-trial motion in district court within 120 days after his conviction has become final alleging "a significant change in the law, applied to the applicant's conviction or sentence, allowing in the interests of justice retroactive application of the changed

In response to Salmeron's motion for reconsideration of his sentence, the trial court ruled that section 33 [7] of the first version of H.B.1589 was in effect between April 1 and July 1, 1979 because the second H.B.1589 did not include an amendment to section 33. After the trial judge resentenced Salmeron, we issued our opinion in *Tacorante v. People*, Colo., 624 P.2d 1324 (1981). There we held that "the second version of the determinate sentencing bill, H.B.1589, has two effective dates: section 23, postponing the effective date of the first act, took effect when the Governor signed the bill into law on March 29, 1979; the remaining provisions of the second bill became effective on July 1, 1979, as provided by its section 25." 624 P.2d at 1330. We followed *Tacorante v. People, supra*, in *People v. Stewart*, Colo., 626 P.2d 685 (1981), which held that section 33 of the 1977 version of H.B.1589 did not become effective until July 1, 1979. Because the crime for which Salmeron was sentenced was committed before the effective date of section 33, the trial court's ruling that Salmeron was entitled to be resentenced [8] under the provisions of the first determinate sentencing bill was erroneous. *People v. Stewart, supra*.

In ruling on Macias' Crim.P. 35(b) motion, the trial court relied on Senate Bill 530 [9] which was approved by the Governor and became effective on July 1, 1979. S.B.530 reclassified a violation of section 12–22–322, a class 4 felony under the first determinate sentencing bill, as a class 3 felony. Under section 18–1–105, C.R.S.1973 (1978 Repl.Vol. 8), a class 3 felony is punishable by a sentence from five to forty years. By comparison, a violation of section 12–22–322 carried

a minimum sentence of ten years.[10] Although the trial court acknowledged that Macias was not eligible to be sentenced under the determinate sentencing law, it reasoned that H.B.1589, as amended by S.B. 530, in effect had reduced the minimum sentence for possession for sale of narcotic drugs from ten to five years. Because our decisions in *People v. Thomas, supra*, and *People v. Thornton, supra*, hold that a defendant is entitled to the benefits of amendatory legislation which mitigates criminal penalties if relief is sought before his judgment of conviction becomes final, the court concluded that Macias should be resentenced, "under the spirit of the new House Bill 1589," and reduced his sentence to a term of eight to ten years.

The point of departure for the court's conclusion that Macias was entitled to be sentenced as a class 3 felon was the omission from S.B.530 of the explicit language of section 25 of the second version of H.B. 1589:

"This Act shall take effect July 1, 1979, shall apply to offenses committed on or after said date, and, *notwithstanding any other provision of law or court rule*, shall not apply to offenses committed prior to said date."

(Emphasis added.) In contrast, section 2 of Senate Bill 530 provided only that:

"This Act shall take effect July 1, 1979, and shall apply to offenses committed on or after said date."

Macias argued, and the trial court agreed, that under *People v. Thomas, supra*, the lack of the language "notwithstanding any other provision of law or court rule" meant

---

legal standard." *See People v. McKenna, supra; People v. Thomas, supra.*

7. Section 33 reclassified a violation of section 12–22–322, C.R.S.1973 (1978 Repl.Vol. 5), as a class 4 felony, punishable under section 18–1–105, C.R.S.1973 (1978 Repl.Vol. 8).

8. The original sentence was within the range of ten to twenty years provided in section 12–22–322, C.R.S.1973 (1978 Repl.Vol. 5), for an unclassified felony. When the trial court concluded that section 33 of the first version of H.B. 1589 was in effect on the date Salmeron was sentenced, it determined only that section 12–

22–322 had been amended to make the sale of narcotic drugs a class 4 felony. A class 4 felony for a previous offender under the indeterminate sentencing law, section 18–1–105, C.R.S.1973 (1978 Repl.Vol. 8), carried a sentence of two to ten years.

9. Senate Bill 530 amended section 33 of the first determinate sentencing bill before section 33 took effect on July 1, 1979.

10. The maximum sentence for a violation of section 12–22–322 was, however, twenty years.

that the trial court could afford the benefits of the revised sentence to Macias. We disagree.

*People v. Thomas, supra, People v. Thornton, supra,* and *Shook v. District Court,* 188 Colo. 76, 533 P.2d 41 (1975), make beneficial offense reclassifications and sentence revisions available to convicted defendants seeking post-conviction relief under the post-conviction review exception to the non-retroactivity provision of the 1972 criminal code. The code provided:

"*Except as otherwise expressly provided by section 40–1–510,* the provisions of this code do not apply to or govern the construction of, prosecution for, and punishment for any offense committed prior to July 1, 1972, . . . ."

(Emphasis added.) Colo.Sess.Laws 1973, ch. 152, 40–1–103(2) at 533. Section 40–1–510 [11] provided that:

". . . an application for post-conviction review must, in good faith, allege one or more of the following grounds to justify a hearing thereon:

\*    \*    \*    \*    \*    \*

(f) that there has been significant change in the law, applied to applicant's conviction or sentence, requiring in the interests of justice retroactive application of the changed legal standard. . . ."

 Senate Bill 530 does not specifically refer to the statute or rule authorizing a reviewing court to apply a changed legal standard. Instead, it is clear on its face that it applies only to offenses committed on or after July 1, 1979. When the language of a statute is clear, we must give the statute effect as written. *People v. Stewart, supra; American Metal Climax, Inc. v. Butler's Claimant,* 188 Colo. 116, 532 P.2d 951 (1975); *Harding v. Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973). Because Senate Bill 530 is clearly limited in application to offenses committed on or after July 1, 1979, the trial court erred in sentencing Macias as a class 3 felon under section 12–22–322.

After notices of appeal were filed under Crim.P. 35(b)(2), the People elected to proceed under section 16–12–102, C.R.S. 1973 (1978 Repl.Vol. 8), which provides: "The prosecution may appeal any decision of the trial court in a criminal case upon any question of law . . . ." Because the trial court's sentence of Macias involved mixed questions of fact and law, because the cases were consolidated on appeal, and because the People confined their appeal in both cases to questions of law; we elect not to alter the defendants' reduced sentences, although entered in error.

Rulings disapproved.

---

11. Section 40–1–510, C.R.S.1963, is now codified at section 18–1–410(1)(f)(I), C.R.S.1973 (1978 Repl.Vol. 8). *See also* Crim.P. 35(b)(VI) (now Crim.P. 35(c)(1)).