**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

**v.**

**James Albert JOHNSON,
Defendant-Appellant.**

**No. 80SA123.**

Supreme Court of Colorado,
En Banc.

Dec. 14, 1981.

Rehearing Denied Jan. 4, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Kathleen M. Bowers and Lynne Ford, Asst. Attys. Gen., Denver, for plaintiff-appellee.

Montano & Encinas, P. C., Duane Montano, Denver, for defendant-appellant.

ERICKSON, Justice.

This appeal was taken after the defendant's Crim.P. 35(b) motion was denied. The defendant's postconviction motion alleged Sixth Amendment violations, and questioned the jurisdiction of the trial court and the validity of the sentence which was imposed for his 1967 aggravated robbery conviction. We affirm.

In 1966, the defendant, James .Albert Johnson, was charged with aggravated robbery in violation of C.R.S.1963, 40–5–1.[1] Johnson entered a plea of not guilty by reason of insanity and was thereafter accorded a bifurcated trial. Johnson retained private counsel and, at the sanity trial on December 6, 1966, he was found to be sane at the time of the commission of the crime. On January 9, 1967, defense counsel was permitted to withdraw from the case, and the defendant sought an opportunity to either hire another private lawyer or to proceed *pro se* at the time of trial. Over Johnson's objection, the trial judge denied Johnson's requests, and appointed a public defender to serve as defense counsel. Defense counsel did not file any pretrial motions.

The trial on the merits commenced on February 8, 1967. In open court, Johnson refused the services of his appointed counsel. The trial court denied Johnson's motion for a continuance, and he went to trial with the court-appointed counsel. On February 10, 1967, Johnson was found guilty of aggravated robbery and was sentenced, in accordance with prevailing law, to a term of not less than forty nor more than sixty years in the state penitentiary. Johnson appealed to this Court, and we affirmed the judgment and sentence on the substantive offense, but ordered a new trial on the sanity issue because of the trial court's failure to properly instruct the jury on the applicable burden of proof. *Johnson v. People*, 172 Colo. 72, 470 P.2d 37 (1970).

On October 6, 1970, Johnson was again tried on the sanity issue, and was once again found to be sane at the time of the commission of the crime. Johnson perfected a second appeal concerning the validity of the retrial on the sanity issue. We affirmed the judgment of the trial court in *People v. Johnson*, 180 Colo. 177, 503 P.2d 1019 (1972).

On January 19, 1979, Johnson filed a motion for postconviction relief pursuant to Crim.P. 35(b), alleging the following grounds to vacate his 1967 conviction and sentence: (1) he was denied his Sixth Amendment right to self-representation; (2) he was denied his Sixth Amendment right to the effective assistance of counsel; (3) he is entitled to a reduction of sentence because of a change in the law subsequent to his 1967 conviction; (4) the original trial court did not have jurisdiction over the defendant after the verdict of the sanity trial was reversed in 1970; and (5) the provisions of H.B. 1589 concerning the re-

1. C.R.S.1963, 40–5–1 provides in pertinent part:
 "(1) Robbery is the felonious and violent taking of money, goods or other valuable thing from the person of another by force or intimidation. Every defendant found guilty of robbery, except as hereinafter provided, shall be punished by confinement in the penitentiary for a term of not less than one nor more than fourteen years.

 "(2)(a) Every defendant found guilty of robbery shall be confined in the penitentiary for a term of not less than two years, or for life:
 (b) If in the perpetration of such robbery he is armed with a dangerous weapon with intent, if resisted, to kill, maim or wound the person robbed or any other person."

duction of sentences in criminal cases unconstitutionally discriminate against him.

On September 21, 1979, the trial court denied the defendant's motion. He thereafter appealed the denial of the motion to the court of appeals. We accepted jurisdiction pursuant to C.A.R. 50 and, for the reasons set forth in this opinion, we affirm the trial court.

## I.

Defendant contends that the trial court erred by appointing and requiring a public defender to represent him after he elected to proceed *pro se*. In his view, he was thereby denied the constitutional right of self-representation guaranteed by the Sixth Amendment to the United States Constitution and by Art. II, Sec. 16 of the Colorado Constitution. *See Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, because this issue was raised by the defendant and resolved in the appeal of his conviction in *Johnson v. People*, 172 Colo. 72, 470 P.2d 37 (1970), we decline to reconsider the issue.

 Once a claim has been raised and disposed of by this Court in an earlier appeal, it cannot be raised again in a later Crim.P. 35(b) motion. *E.g., People v. Trujillo*, 190 Colo. 497, 549 P.2d 1312 (1976); *Morse v. People*, 180 Colo. 49, 501 P.2d 1328 (1972); *Gallegos v. People*, 175 Colo. 553, 488 P.2d 887 (1971). *See also ABA, Standards Relating to Post-Conviction Remedies*, § 22–6.1(a) at 22.62 (2d ed. 1980). The record of the initial appeal in this case indicates, in the opening brief, that defendant alleged prejudicial error in the trial court's denial of his request to proceed to trial without court-appointed counsel. *Johnson v. People*, 172 Colo. 72, 470 P.2d 37 (1970) (defendant's opening brief at 40–43). Our decision in *Johnson, supra*, dismissed defendant's allegation without discussion:

"The defendant assigns fifteen errors which he alleges were prejudicial to a fair trial. If this were a close case on the facts it might be reasonably argued that two or three of the alleged errors could have affected the result of the trial. Here, the evidence is so overwhelming and convincing that it is inconceivable that the result would have been different had none of the alleged errors occurred. The defendant demonstrated no prejudice from any of these assigned errors. For this reason, [several] of the errors . . . will not be discussed at all." *Id.* at 80, 470 P.2d at 41–42.

Therefore, because the defendant unsuccessfully argued on appeal that he should have been permitted to represent himself, he cannot now reargue the matter on a Crim.P. 35(b) motion. Accordingly, we decline to reconsider the issue.[2]

## II.

The defendant alleges that he was not provided with effective assistance of counsel at trial in violation of the Sixth Amendment to the United States Constitution. Specifically, he contends that, since there was little communication between the defendant and his court-appointed lawyer, and since defense counsel filed no pretrial motions, Johnson was denied the effective assistance of counsel. We disagree.

 Initially, we note that the lack of communication between the defendant and counsel was not due to defense counsel's neglect, but rather was a result of Johnson's refusal, for no stated reason, to talk with his lawyer. Moreover, even a superficial perusal of the record reveals that defense counsel was actively and zealously representing Johnson throughout the trial and the appeal of his case. Counsel conducted a thorough investigation of the case, cross-examined the prosecution witnesses, moved for a mistrial, objected to the admission of certain prosecution evidence, conducted voir dire examination on the admission of prosecution's exhibits, and moved for a judgment of acquittal at the close of

---

**2.** We therefore decline to address the issues raised by defendant's contention that *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) should be applied retroactively to this case.

the prosecution's case. Counsel also appealed the defendant's conviction and successfully obtained a reversal of the defendant's sanity determination. In light of the overwhelming weight of the evidence against the defendant and the defendant's refusal to cooperate with counsel, we believe that defense counsel performed as an effective advocate "within the range of competence demanded of attorneys in criminal cases." *People v. Blalock*, 197 Colo. 320, 592 P.2d 406 (1979). *See People v. Jacobs*, 198 Colo. 75, 596 P.2d 1187 (1979); *People v. Lucero*, Colo.App., 623 P.2d 424 (1980).

Johnson, however, contends that defense counsel should have made a motion to suppress the results of an out-of-court identification of the defendant since counsel was not present at the identification. He also claims that he did not waive his right to have counsel present at the lineup. Johnson's allegations of ineffective assistance in this regard are based solely on the applicability of *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), to the pretrial identification procedures.[3] As we held *Johnson v. People*, 172 Colo. 72, 470 P.2d 37 (1970), however, *Wade* is not retroactive and Johnson was not denied due process by the circumstances of the identification procedures. Moreover, the failure to move to suppress does not necessarily constitute ineffective assistance of counsel. *E.g., Whitney v. United States*, 513 F.2d 326 (8th Cir. 1974).

We conclude that Johnson was not deprived of the reasonably effective assistance of counsel required by the Sixth Amendment. *Compare People v. Blalock*, 197 Colo. 320, 592 P.2d 406 (1979); *People v. White*, 182 Colo. 417, 514 P.2d 69 (1973); *People v. Gonzales*, 37 Colo.App. 8, 543 P.2d 72 (1975). The requirement for effective assistance of counsel does not mean that the defendant is constitutionally guaranteed such assistance as will result in his acquittal at trial. *See People v. Pesis*, 189 Colo. 52, 536 P.2d 824 (1975); *Steward v. People*, 179 Colo. 31, 498 P.2d 933 (1972).

### III.

Johnson also argues that he is entitled to a reduction of sentence pursuant to Crim.P. 35(b)(1)(VI)[4] because of a change in the sentencing law subsequent to his 1967 conviction. At the time Johnson was sentenced for aggravated robbery, C.R.S. 1963, 40–5–1 provided for a sentence of not less than two years to life.[5] On the basis of the enactment of ameliatory sentencing legislation in 1972, aggravated robbery was classified as a class 3 felony, which carried a penalty of not less than five nor more than forty years in the state penitentiary. *See* section 18–1–105, C.R.S.1973 (1978 Repl.Vol. 8).

Johnson argues that, because his case was on appeal at the time the sentencing legislation was passed in 1972, his conviction was not final and that he is entitled to a reduction of sentence. It is well-settled, however, that relief from a validly imposed sentence is only available if requested before a conviction becomes final; it is therefore irrelevant that the sentencing legislation was passed during the pendency of Johnson's appeal:

3. *Wade* held that the Sixth Amendment guarantees an accused the right to counsel not only at his trial but at any initial confrontation by the prosecution at pretrial proceedings where the results might well determine his fate and where the absence of counsel might derogate from his right to a fair trial. *Id.*, at 223–25.

4. The applicable provisions at the time defendant filed the Crim.P. 35(b) motion were:
"(b) *Postconviction Remedy.*
"(1) Notwithstanding the fact that no review of a conviction of crime was sought by appeal within the time prescribed therefor, or that a judgment of conviction was affirmed upon appeal, every person convicted of a crime is entitled as a matter of right to make application for postconviction review. An application for postconviction review must, in good faith, allege one or more of the following grounds to justify a hearing thereon:"
\* \* \* \* \* \*
"(VI) That there has been significant change in the law subsequent to July 1, 1972, applied to applicant's conviction or sentence, requiring in the interests of justice retroactive application of the changed legal standard; . . . ."

5. *See* note 1.

"Colorado is firmly committed to the doctrine that where amendatory legislation mitigates penalties for crimes, one convicted of those crimes is entitled to the benefits of that legislation *if relief is sought before finality has attached to the conviction. People v. Thomas*, 185 Colo. 395, 525 P.2d 1136 (1974); *see Salas v. The District Court*, 190 Colo. 447, 548 P.2d 605 (1976). . . ." *Litsey v. District Court*, 193 Colo. 341, 565 P.2d 1343 (1977). (Emphasis added.)

*See also People v. Rupert*, 185 Colo. 288, 523 P.2d 1406 (1974); *People v. Herrera*, 183 Colo. 155, 516 P.2d 626 (1973). Here, Johnson's failure to request resentencing until the filing of the Crim.P. 35(b) motion in 1979 precludes resentencing on his conviction which became final in 1972.

### IV.

■ Johnson claims that the original trial court did not have jurisdiction over him after the reversal of the verdict in the sanity trial in 1970. In his view, a reversal on the sanity issue also voided the prior determination of guilt for the substantive offense. We disagree. We have, on numerous occasions, approved the procedure for affirming a defendant's substantive conviction while remanding for a rehearing on the sanity issue. *E.g., People v. Hardin*, 199 Colo. 229, 607 P.2d 1291 (1980); *Young, Jr. v. People*, 175 Colo. 461, 488 P.2d 567 (1971); *Moneyhun v. People*, 175 Colo. 220, 486 P.2d 434 (1971); *Lewis v. People*, 174 Colo. 334, 483 P.2d 949 (1971).

### V.

The constitutionality of all facets of the sentencing procedure set forth in H.B. 1589 have been upheld by this Court. *See, e.g., People v. Reynolds*, Colo., 638 P.2d 43 (1981); *People v. Francis,* Colo., 630 P.2d 82 (1981); *People v. Moody*, Colo., 630 P.2d 74 (1981); *People v. McKenna*, Colo., 611 P.2d 574 (1980). We therefore reject without further discussion the defendant's claim that H.B. 1589 is unconstitutional.

Accordingly, we affirm the trial court's denial of Johnson's motion for relief pursuant to Crim.P. 35(b).

QUINN, J., does not participate.