11CA1918 Peo v Padilla 12-12-2013

COLORADO COURT OF APPEALS

Court of Appeals No. 11CA1918
City and County of Denver District Court No. 05CR4119
Honorable Christina M. Habas, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Javier L. Padilla,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE RICHMAN
Graham and Navarro, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(f)**
Announced December 12, 2013

John W. Suthers, Attorney General, John J. Fuerst III, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Thomas K. Carberry, Denver, Colorado, for Defendant-Appellant

Defendant, Javier L. Padilla, appeals the trial court's order denying his postconviction motion filed under Crim P. 35(a) and (b) challenging the constitutionality of his sentence. We affirm.

## I. Background

Insofar as it is pertinent to this appeal, defendant was charged with and tried on numerous counts relating to a shooting incident in which three people were injured. Following a jury trial, the trial court merged two convictions for extreme indifference assault into two convictions for first degree assault with a deadly weapon, and entered a judgment of conviction against defendant on three counts of attempted first degree murder (extreme indifference) and two counts of first degree assault with a deadly weapon, together with several counts of crime of violence enhancers. The court imposed consecutive sentences on all counts.

On direct appeal defendant challenged the assault convictions on the grounds that the verdict forms were fatally ambiguous.

The division rejected his argument, noting that:

> The original draft of the forms mistakenly referred to *attempted* first degree assault. The court noticed this mistake and tried to correct it by removing the word "attempt" from the forms. However, on three of the four forms the

court failed to remove all the language that referred to attempt. The jury returned guilty verdicts on all four forms.

Although the division concluded that the forms were ambiguous, it affirmed the conviction because the record showed that the jury intended to find defendant guilty of first degree assault.

On direct appeal defendant also argued that because the convictions for first degree assault and attempted murder (extreme indifference) were based on the same conduct, the convictions violate the prohibition against double jeopardy. The division rejected this argument. Defendant did not argue on direct appeal that the convictions for the assaults and attempted murder violated double jeopardy because they were based on identical evidence.

The Colorado Supreme Court denied certiorari review on February 16, 2010, and the mandate issued on March 19, 2010. Defendant timely filed his combined Rule 35(a) and (b) motion. The trial court denied the motion, which we conclude here was actually a Rule 35(c) motion, without a hearing.

## II. Applicable Law and Standard of Review

"A court must hold an evidentiary hearing on a Crim. P. 35(c) motion unless the motion, the files, and the record clearly establish

that the allegations in the motion lack merit and do not entitle the defendant to relief." *Kazadi v. People*, 2012 CO 73, ¶ 17.

We review a district court's summary denial of a motion for postconviction relief de novo. *See People v. Gardner*, 250 P.3d 1262, 1266 (Colo. App. 2010).

## III.  Analysis

In his postconviction motion and on appeal defendant contends that the trial court (1) violated his due process rights by imposing ten-year consecutive sentences on the assault convictions because the jury found defendant guilty only of "attempted" first degree assault, rather than first degree assault, and erred by imposing a sentence for assault inconsistent with its stated objective at the sentencing hearing; and did not rule on the issue in denying his combined Rule 35(a) and (b) motion; and (2) violated his rights against double jeopardy by imposing separate and consecutive sentences for the convictions for first degree assault and attempted murder (extreme indifference) because they were based on identical evidence.

## A. Defendant's Motion is a Rule 35(c) motion

The People assert that while styled a Rule 35 (a) and (b) motion, defendant's motion is properly considered under Rule 35(c). We address the People's procedural argument before addressing, if necessary, the merits of the trial court's ruling. *See People v. Wenzinger*, 155 P.3d 415, 419 (Colo. App. 2006).

As a threshold matter, we determine that defendant's motion is, in fact, a Rule 35(c) motion. Defendant's first and second issues contend that he was sentenced in violation of the due process and double jeopardy provisions of the state and federal constitutions. Such contentions fall within Rule 35(c)(2)(I) ("That the . . . sentence imposed [was] in violation of the Constitution or laws of the United States or the constitution or the laws of this state."). The contentions do not fall within the purview of subsection (a) which provides that "[t]he court may correct a sentence that was not authorized by law or that was imposed without jurisdiction at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." Crim. P. 35(a). They also do not fall within subsection (b) which provides that the court can reduce a sentence provided a timely

motion is filed.  Because defendant alleged a violation of constitutional rights under the due process clauses and double jeopardy protections of the federal and state constitutions, he failed to state a claim that his sentence was "not authorized by law" or "imposed without jurisdiction."  *Wenzinger*, 155 P.3d at 419.

Defendant argues for the first time in his reply brief that Rule 35 is ambiguous and must be construed in his favor.  We do not address arguments raised for the first time in a reply brief.  *People v. Czemerynski*, 786 P.2d 1100, 1107 (Colo. 1990).

### B.  Successive Claims

The People contend that all of defendant's claims should be rejected as successive, because they were previously litigated on direct appeal, or could have been litigated.  We agree.

Crim. P. 35(c)(3)(VI) provides, "[t]he court shall deny any claim that was raised and resolved in in a prior appeal or postconviction proceeding on behalf of the same defendant [except in situations not relevant here]."

Crim. P. 35(c)(3)(VII) states that a court "shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought [subject to exceptions

5

not applicable here].”  “Once a claim has been raised and disposed of on appeal, it cannot be raised again in a later Crim. P. 35 motion.”  *People v. Davis*, 759 P.2d 742, 746 (Colo. Ct. App. 1988) (citing *People v. Johnson,* 638 P.2d 61 (Colo. 1981)).  “[F]ailure to include all grounds for relief in the first motion will ‘ordinarily result in a second application containing such grounds being summarily denied.’”  *People v. Tolbert,* 216 P.3d 1, 7 (Colo. App. 2007) (quoting *People v. Scheer,* 184 Colo. 15, 20, 518 P.2d 833, 835 (1974)).

### C.  Due Process Claims

In defendant’s direct appeal, he challenged his assault convictions on the ground that the verdict forms were fatally ambiguous and that defendant was found guilty only of attempted first degree assault, not of first degree assault.  The division rejected his argument because the jury’s intended meaning could be ascertained by reference to the record.  *See People v. Martin,* 851 P.2d 186, 188 (Colo. App. 1992).  As described above, the division specifically addressed the inclusion of the word “attempted” and determined that the inconsistencies in the verdict forms rendered them ambiguous.  However, it concluded that the record showed that the jury intended to find defendant guilty of first degree assault

6

on all four counts, the verdict forms were not void, and affirmed the first degree assault convictions. The first claim in defendant's postconviction motion was raised and decided in his direct appeal.

Because the convictions for assault were correctly entered, the trial court did not sentence defendant "inconsistent" with its stated intentions. In his reply, defendant concedes that the "[f]irst degree assault carries a minimum mandatory sentence of 10 years in prison." That is the sentence that was imposed by the trial court.

## D. Double Jeopardy

Similarly, the second claim raised by defendant was raised and decided, or could have been raised, in his direct appeal. In his direct appeal, defendant argued that the convictions for first degree assault and attempted murder (extreme indifference) violated double jeopardy because they were based on the "same conduct." The previous division rejected defendant's contention because "the legislature may authorize multiple punishments based on the same criminal conduct if each offense requires proof of a fact which the other does not."

In his postconviction motion, defendant now asserts that the consecutive sentences for the convictions for first degree assault

7

and attempted murder (extreme indifference) violate double jeopardy because they were based on "identical evidence." We view this contention solely as a constitutional argument because the postconviction motion did not assert that the consecutive sentences violate section 18-1-408(3), C.R.S. 2013.[1] Notwithstanding the difference in wording, this argument is either the same as the one rejected by the division on direct appeal, or is one that could have been raised on direct appeal. Accordingly, since it was not presented in that proceeding, it is barred. *See* Crim. P. 35(c)(3)(VII); *People v. Banks*, 924 P.2d 1161, 1163-64 (Colo. App. 1996) (citing *People v. Rodriguez,* 914 P.2d 230 (Colo. 1996)).

### III. Conclusion

The order is affirmed.

JUDGE GRAHAM and JUDGE NAVARRO concur.

---

[1] Section 18-1-408(3) requires concurrent sentences when convictions for two or more offenses are supported by identical evidence.