The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Samuel **GALLEGOS,** Defendant–Appellant.

No. 88CA1602.

Colorado Court of Appeals, Div. III.

Oct. 5, 1989.

Rehearing Denied Nov. 2, 1989.

Certiorari Denied March 5, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Robert M. Russel, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Robert W. Thompson, Jr., Denver, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, Samuel Gallegos, appeals from the sentence imposed following his guilty plea to attempted theft, a class 5 felony. We remand for further proceedings.

Defendant was charged with theft, a class 4 felony, based on acts occurring on February 20, 1988. He pleaded guilty to attempted theft, a class 5 felony, on August 17, 1988, and was sentenced on October 3, 1988. The presumptive range of penalties in effect when defendant committed the offense was one to four years and the maximum aggravated range sentence was eight years. Sections 18–1–105(1)(a)(IV) and 18–1–105(9)(a), C.R.S. (1986 Repl.Vol. 8b). An extraordinary aggravating sentencing factor was that defendant was on parole for another felony at the time of the commission of the offense. Section 18–1–105(9)(a)(II), C.R.S. (1986 Repl.Vol. 8B).

On July 1, 1988, before defendant was sentenced, the 1988 amendments to the sentencing statute went into effect. At the time of sentencing, the presumptive range of penalties for defendant's crime under the 1988 amendments was one to two years and the maximum aggravated range sentence was four years. See §§ 18–1–105(1)(b)(VI) and 18–1–105(9)(a), C.R.S. (1988 Cum.Supp.). The trial court denied defendant's motion for sentencing under the 1988 amendments and, premised upon defendant's being on parole at the time of the offense, it sentenced him to eight years' imprisonment, the maximum aggravated range sentence under the older version of the statute.

Defendant contends that, by virtue of the rule stated in *People v. Thomas*, 185 Colo. 395, 525 P.2d 1136 (1974), he is entitled to the benefit of the amendatory legislation and that, therefore, the trial court erred in refusing to sentence him under the 1988 amendments.

Whether defendant is entitled to be sentenced under the 1988 amendments depends on the intent of the General Assembly as expressed in the statutory language. See *People v. McCoy*, 764 P.2d 1171 (Colo. 1988); *People v. Macias*, 631 P.2d 584 (Colo.1981).

The effective date clauses of the 1988 amendments to § 18–1–105, C.R.S. (1988 Cum.Supp.) expressly provide that they apply to offenses committed on or after July 1, 1988. Colo.Sess. Laws 1988, ch. 116 at 682; ch. 124 at 715; and ch. 125 at 718.

Section 18–1–105(1)(b)(VII), C.R.S. (1988 Cum.Supp.), then in effect, however, provided as follows:

"A court may consider requests for reduction of sentence brought by persons

who were sentenced for a felony, not excluded in subparagraphs (V) and (VI) of this paragraph (b), and such requests may be considered by a court if the felony was committed after July 1, 1985, and the person was sentenced before July 1, 1988, and said conviction is not yet final. Nothing in the provisions of subparagraphs (V) and (VI) of this paragraph (b) or any other law shall mandate or require the court to reduce any such sentence."

This provision has since been repealed. *See* Colo.Sess. Laws 1989, ch. 148 at 861 stating: "18–1–105 ... (1)(b)(VI), (1)(b)(VII) ... Colorado Revised Statutes, 1986 Repl. Vol., as amended ... are repealed" effective July 1, 1989.

Construed literally, the lower sentence provisions of § 18–1–105(b)(VI) do not apply to defendant because he committed the crime before July 1, 1988. Nor does the discretionary exception, § 18–1–105(b)(VII), apply to him because he was sentenced after that date.

■ A literal construction of the 1988 amendments would lead to the odd result of more lenient treatment for certain persons sentenced before July 1, 1988, for crimes committed before that date than for similarly situated persons sentenced after that date. With respect to § 18–1–105(1)(b)(VII), C.R.S. (1988 Cum. Supp.), we agree with defendant that this was not the intent of the General Assembly. We conclude, however, that to construe the amendments to § 18–1–105(1)(b)(VI), C.R.S. (1988 Cum. Supp.) in the manner advocated by defendant would be contrary to the plain meaning of the effective date clause limiting application of the amendments to crimes committed on or after July 1, 1988. *See People v. McCoy, supra; People v. Macias, supra.*

The amendments may be construed in a manner consistent with the effective date clause, while avoiding the anomalous result discussed above. Section 18–1–105(1)(b)(VII), C.R.S. (1988 Cum.Supp.) does not expressly preclude a court from considering a request for reduction of sentence by a person sentenced after July 1, 1988, for a felony committed before that date. We therefore conclude that § 18–1–105(1)(b)(VII), C.R.S. (1988 Cum. Supp.) *permits consideration* of a request for reduction of sentence brought by a person sentenced after July 1, 1988, for a crime committed after July 1, 1985.

This construction of the statute resolves defendant's constitutional argument by eliminating any distinction based on the date of sentencing. *See People v. McBurney,* 750 P.2d 916 (Colo.1988).

Section § 18–1–105(1)(b)(VII) does not *require* that a sentence be reduced, but merely provides that a court *may consider* requests for reduction. The matter is left to the discretion of the trial court. Here, the record shows that the trial court heard defendant's motion for sentencing pursuant to the amendatory legislation, considered the circumstances of the crime and defendant's history of criminal activity, and imposed the maximum sentence under the older version of the statute, thereby denying the request.

■ However, it is not clear whether the motion was denied because the trial court believed the 1988 amendments were inapplicable or because it was refusing the request as a matter of discretion. Hence, we conclude that this matter must be remanded for resolution of this ambiguity. If the trial court determines on remand that the motion for sentencing pursuant to amendatory legislation was denied as an exercise of its discretion, then that order will stand affirmed, since we find no abuse of that discretion. Otherwise the court is directed to reconsider the motion as an exercise of its discretion.

The cause is remanded for further proceedings consistent with this opinion.

STERNBERG and CRISWELL, JJ., concur.