**Melvin J. RILEY, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 90SC721.**

Supreme Court of Colorado, En Banc.

April 13, 1992.

David F. Vela, Colorado State Public Defender, Janet Fullmer Youtz, Deputy State Public Defender, Denver, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., Denver, for respondent.

Justice KIRSHBAUM delivered the Opinion of the Court.

In *People v. Riley,* No. 88CA1626 (Colo. App.1990) (not selected for publication), the Colorado Court of Appeals affirmed the trial court's ruling that section 18-1-105(9)(a), 8B C.R.S. (1988 Supp.), was not applicable to sentencing proceedings occasioned by a plea of guilty by defendant, Melvin J. Riley, to the offense of fraud by check, a class four felony. We granted certiorari to review the propriety of the Court of Appeals judgment in light of its prior decision in *People v. Gallegos,* 789 P.2d 461 (Colo.App.1989). We affirm.

I

In early April 1988, the defendant opened a checking account at the First City Bank of Beaumont, Texas, by depositing a check in the sum of $190 with that bank. On April 15, 1988, the defendant opened a checking account at the United Bank of Greeley, Colorado, utilizing a check drawn upon the Texas account. At that time, he was on parole status as the result of one felony conviction and was also on probation status as the result of another felony conviction.

Subsequently, the defendant wrote numerous checks to the United Bank of Greeley drawn on the Texas account. Because there were insufficient funds in the Texas account to cover those checks, and because the defendant issued checks on and withdrew cash from the United Bank of Greeley account, the United Bank of Greeley lost approximately $4,000.

On May 24, 1988, an information was filed against the defendant charging him with one count of theft, in violation of section 18-4-401, 8B C.R.S. (1986), and ten counts of fraud by check, in violation of section 18-5-205(2)-(3), 8B C.R.S. (1986). On June 29, 1988, the defendant entered a plea of guilty to one count of fraud by check. The remaining charges were ultimately dismissed.

The defendant appeared for sentencing on October 3, 1988. Noting that the defendant was on parole and probation status at the time of the offense, the trial court concluded that a sentence in the mandatory aggravated range was required, pursuant to section 18-1-105(9)(a), 8B C.R.S. (1986), and imposed a ten-year sentence. On August 22, 1989, pursuant to a motion for reduction of sentence filed by the defendant under Crim.P. 35(b), the trial court reduced the sentence to eight years and one day, the minimum sentence permitted by the terms of section 18-1-105(9)(a), 8B C.R.S. (1986).

At both the sentencing hearing and the hearing on his Crim.P. 35(b) motion to reduce sentence, the defendant asserted that the trial court had authority to consider the provisions of certain amendments to section 18-1-105(9)(a) and other sentencing provisions adopted by the General Assembly in 1988 (the 1988 amendments). Those amendments, as here applicable, were contained in two separate bills, H.B. 1200 and S.B. 148. Act approved May 29, 1988, ch. 124, sec. 14, 1988 Colo.Sess.Laws 712; Act approved May 29, 1988, ch. 116, sec. 5, 1988 Colo.Sess.Laws 682. The trial court rejected that argument, and the Court of Appeals affirmed the trial court's ruling.

## II

■ The defendant contends that the trial court and the Court of Appeals erred in concluding that he was not entitled to the benefit of the 1988 amendments. We disagree.

At the time the defendant committed the offense for which he was sentenced, section 18–1–105(1)(a)(IV), 8B C.R.S. (1986), established a presumptive sentencing range for class four felony convictions of two to eight years, and section 18–1–105(9)(a), 8B C.R.S. (1986), contained the following pertinent provisions:

The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term greater than the maximum in the presumptive range, but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony:

. . . .

(II) The defendant was on parole for another felony at the time of commission of the felony;

(III) The defendant was on probation for another felony at the time of the commission of the felony. . . .

§ 18–1–105(9)(a)(II)–(III), 8B C.R.S. (1986). It is undisputed that under these sentencing provisions the minimum sentence applicable to the defendant was an aggravated range sentence of eight years and one day.

Subsequent to April and May of 1988, the time during which the defendant committed the offense, but prior to his October 1988 sentencing hearing, the General Assembly adopted the 1988 amendments. One of the amendments contained in S.B. 148 amended section 18–1–105(9)(a) to state as follows:

The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term of at least the midpoint in the presumptive range but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony. . . .

§ 18–1–105(9)(a), 8B C.R.S. (1988 Supp.). One of the amendments contained in H.B. 1200 added the following new provision to section 18–1–105(1)(b):

(VII) A court may consider requests for reduction of sentence brought by persons who were sentenced for a felony, not excluded in subparagraphs (V) and (VI) of this paragraph (b), and such requests may be considered by a court if the felony was committed after July 1, 1985, and the person was sentenced before July 1, 1988, and said conviction is not yet final. Nothing in the provisions of [other] subparagraphs . . . of this paragraph (b) or any other law shall mandate or require the court to reduce any such sentence. . . .

§ 18–1–105(1)(b)(VII), 8B C.R.S. (1988 Supp.).[1] The effective date of both of those statutes was July 1, 1988, and the amending legislation provided that the provisions were to apply to acts committed on or after that date. Act Approved May 29, 1988, ch. 116, sec. 7, 1988 Colo.Sess.Laws 682; Act approved May 29, 1988, ch. 124, sec. 28, 1988 Colo.Sess.Laws 715. It is undisputed that if the defendant were subject to the terms of the 1988 amendments, the trial court could have considered imposing an aggravated range sentence of five years.

The defendant asserts that section 18–1–105(1)(b)(VII), 8B C.R.S. (1988 Supp.), reflects a legislative intent that persons such as he, who committed offenses after July 1, 1985, and whose convictions were not final on July 1, 1988, are entitled to the benefits of all the amendments established by H.B. 1200 and S.B. 148. He also asserts that the decision of *People v. Gallegos*, 789 P.2d 461 (Colo.App.1989), rendered shortly after the trial court ruled upon his Crim.P. 35(b) motion for sentence reduction, supports this argument.

---

**1.** This provision was repealed in 1989. *See* Act approved June 8, 1989, ch. 148, sec. 156, 1989 Colo.Sess.Laws 861.

■ Legislation is presumed to have prospective effect unless a contrary intent is expressed by the General Assembly. *People v. Holland,* 708 P.2d 119, 120 (Colo. 1988); *People v. Macias,* 631 P.2d 584, 587 (Colo.1981); *see* §§ 2–4–202, –303, 1B C.R.S. (1980). As previously noted, the General Assembly expressly indicated that the new sentencing provisions established by H.B. 1200 and S.B. 148 were applicable only to acts committed on or after July 1, 1988. Adoption of the defendant's argument would require this court to ignore the clear legislative determination that the 1988 amendments were intended in general to have prospective application only. *See People v. Barefield,* 804 P.2d 1342 (Colo. App.1990).

In adopting section 18–1–105(1)(b)(VII), however, the General Assembly determined that some features of the 1988 amendments were to be applied retroactively. In *People v. Gallegos,* the Court of Appeals construed that section to permit trial courts to impose sentences in the reduced presumptive and aggravated ranges established by the 1988 amendments on all persons who committed offenses after July 1, 1985. We do not construe section 18–1–105(1)(b)(VII) so broadly.

In *Gallegos,* the defendant was sentenced on October 3, 1989, for an offense of attempted theft that occurred on February 20, 1988, while the defendant was on parole. The trial court imposed a sentence of eight years' incarceration, the maximum aggravated range sentence provided by the relevant statutory provisions in effect prior to July 1, 1988.[2] The trial court denied the defendant's motion for sentencing pursuant to certain of the 1988 amendments which, if applicable, would have permitted a maximum aggravated range sentence of only four years.[3]

On appeal, the Court of Appeals vacated the sentence and remanded the case to the trial court with directions to determine whether the defendant's motion for sentencing pursuant to the 1988 amendments had been denied as an exercise of trial court discretion. In so doing, the Court of Appeals construed section 18–1–105(1)(b)(VII) to authorize trial courts to consider requests for reduction of sentences brought by persons sentenced after July 1, 1988, for offenses committed after July 1, 1985. *Gallegos,* 789 P.2d at 463. The court reasoned that the General Assembly could not have intended the "odd" result a literal construction of section 18–1–105(1)(b)(VII) would cause, namely, that some persons sentenced before July 1, 1988, for offenses committed after July 1, 1985, would be treated more leniently than similarly situated persons sentenced after that date. *Id.* It also suggested that a contrary construction might render the provisions of section 18–1–105(1)(b)(VII) unconstitutional. *Id.*

■ As the *Gallegos* court observed, the language of S.B. 148 directly contradicts the statutory construction adopted by that court. *Gallegos,* 789 P.2d at 463. When possible, apparently conflicting statutory provisions should be construed harmoniously together. *Colorado Civil Rights Comm'n v. Travelers Ins. Co.,* 759 P.2d 1358, 1368 (Colo.1988); *People v. T.O.,* 696 P.2d 811, 817 (Colo.1985). Section 18–1–105(1)(b)(VII) can be harmonized with the prospective application language of S.B. 148 by construing the former to permit retroactive application of the reduced sentences established by the 1988 amendments only to persons eligible for presumptive range sentencing.

It must first be observed that section 18–1–105(1)(b)(VII) constituted an entirely new provision. It was introduced in the General Assembly as one of three substantive amendments to section 18–1–105 contained in H.B. 1200. The two other substantive provisions of H.B. 1200 directed to section 18–1–105 were limited to presumptive sentencing provisions: (1) the reduction of the presumptive ranges of penalties for a select group of relatively minor class four felonies committed after July 1, 1985, from two to eight years to two to four years

---

2. *See* §§ 18–1–105(1)(a)(IV) and –105(9)(a)(II), 8B C.R.S. (1986).

3. *See* §§ 18–1–105(1)(b)(VI) and –105(9)(a), 8B C.R.S. (1988 Supp.).

(*compare* §§ 18–1–105(1)(a)(IV) and (1)(b)(I), 8B C.R.S. (1986) *with* § 18–1–105(1)(b)(V), 8B C.R.S. (1988 Supp.)); and (2) the reduction of the presumptive ranges of penalties for a select group of relatively minor class five felonies committed after July 1, 1985, from one to four years to one to two years (*compare* §§ 18–1–105(1)(a)(IV) and (1)(b)(I), 8B C.R.S. (1986) *with* § 18–1–105(1)(b)(VI), 8B C.R.S. (1988 Supp.)).[4] Each provision contained a lengthy enumeration of offenses to which the reduced presumptive range sentences could not be applied.[5] The excluded offenses are relatively serious offenses. Thus H.B. 1200 reflects a legislative intent to alter the sentencing provisions of section 18–1–105 only with respect to presumptive range sentences and only for persons who committed certain carefully delineated relatively minor offenses.

The language of H.B. 1200 creating section 18–1–105(1)(b)(VII) is addressed to the conduct of sentence reduction proceedings. Sentence reduction proceedings are in general governed by the provisions of section 18–1–410(1)(f)(I), 8B C.R.S. (1986), which establishes the following circumstance as a ground for post-conviction review proceedings for persons who have not sought appellate review of their convictions or whose convictions have been affirmed on appeal: "[t]hat there has been significant change in the law, applied to the applicant's conviction or sentence, allowing in the interests of justice retroactive application of the changed legal standard...." § 18–1–410(1)(f)(I), 8B C.R.S. (1986). *See also* Crim.P. 35(c)(1).

We first considered the effect of this statute in *People v. Thomas*, 185 Colo. 395, 525 P.2d 1136 (1974). In *Thomas*, the defendant was sentenced on August 21, 1972, for an offense which at the time of its commission was classified as a class four felony. The defendant timely appealed his sentence, and during the pendency of the appeal filed a motion for sentence reduction with the trial court asserting that he was entitled to resentencing under ameliorative legislation effective July 1, 1972, that reclassified the offense in question to a class five felony. The trial court denied the motion.

On appeal, we held that the defendant was entitled to the benefits of the new legislation that became effective prior to his initial sentencing, noting that such conclusion was consistent with legislative intent. *Thomas*, 185 Colo. at 397, 525 P.2d at 1138. In subsequent cases we have emphasized that a defendant is not entitled to the ameliorative effects of amendatory legislation if the General Assembly has not clearly indicated its intent to require such retroactive application. *People v. McCoy*, 764 P.2d 1171, 1174 (Colo.1988); *People v. Macias*, 631 P.2d 584, 587 (Colo.1981).

While section 18–1–105(1)(b)(VII) does express a legislative determination to give limited retroactive effect to H.B. 1200, that section is applicable only to sentencing proceedings for persons subject to presumptive range sentencing, the subject matter addressed by H.B. 1200. The legislation creating ameliorative aggravated range sentences, S.B. 148, contains no counter-

---

**4.** H.B. 1200 also provided expressly for the repeal of § 18–1–105(1)(b)(VII), effective July 1, 1992. 1988 Colo.Sess.Laws, ch. 1240, p. 712; § 18–1–105(1)(b)(VIII), 8B C.R.S. (1988 Supp.).

**5.** For example, § 18–1–105(1)(b)(V) stated in full as follows:

Notwithstanding anything in this section to the contrary, for any person who commits a class 4 felony, which felony is not a crime of violence as defined in section 16–11–309, C.R.S., and which felony is not a class 4 felony as set forth in sections 9–6–104 and 12–22–315(2)(b), C.R.S., sections 18–2–101(4), 18–2–206(1), 18–2–301(5), 18–3–104, 18–3–106, 18–3–203, 18–3–207, 18–3–302, 18–3–305, 18–3–403, 18–3–404, 18–3–405, 18–4–104, 18–4–105, 18–4–203, 18–4–204(2), 18–4–301, 18–4–401(2)(c), (4), and (7)(a), 18–4–409, 18–4–410(4), 18–4–501, 18–4–503(2)(b), 18–5–116(2), 18–5–604(1)(b)(II) and (2)(b)(I), 18–6–102, 18–6–301, 18–6–401, 18–6–701(2), 18–8–105, 18–8–203, 18–8–204.1, 18–8–208, 18–8–208.1, 18–8–306, 18–8–502(3), 18–8–603(1), 18–8–606(2), 18–8–607(2), 18–8–608, 18–8–703(2), 18–8–704, 18–8–707(2), 18–9–103, 18–9–104, 18–9–116.5, 18–9–119(5), 18–12–102(3), 18–12–108, 18–12–109(2), (5), (6), and (8), 18–13–104, 18–15–102, 18–15–107, 18–18–105(2)(b)(I), and 18–18–105(2)(c)(II), and section 42–4–1401, C.R.S., the presumptive range shall be two to four years.

§ 18–1–105(1)(b)(V), 8B C.R.S. (1988 Supp.).

part provision to section 18–1–105(1)(b)(VII) relating to sentence reduction proceedings. It is undisputed that S.B. 148 by express terms was intended to have only prospective effect.[6]

This construction of H.B. 1200 and S.B. 148 is compatible with the legislative policy furthered by the 1988 amendments. In adopting these statutes, the General Assembly sought to reduce prison overcrowding by providing reduced sentences for persons guilty of committing certain relatively minor offenses while not benefitting persons guilty of committing more serious offenses.[7] For example, persons committing class four and class five crimes of violence, as defined by section 16–11–309, 8A C.R.S. (1986), were exempted from the reduced presumptive range sentences established by H.B. 1200. § 18–1–105(1)(b)(V)–(VI), 8B C.R.S. (1988 Supp.). We have previously noted the lengthy lists of class four and class five felonies not subject to the ameliorative sentencing provisions of the 1988 amendments. In the face of uncontradictory language in S.B. 148 that its aggravated range sentence provisions applied only to persons committing offenses after July 1, 1988, a construction limiting the sentence reduction provision established by H.B. 1200 to persons subject to presumptive range sentencing furthers the legislative intent to grant sentencing concessions only to persons committing relatively minor offenses.

It is undisputed that the defendant in this case was subject to sentencing in the aggravated range. We find no indication in the language or structure of H.B. 1200 and S.B. 148 to justify the conclusion that the ameliorative sentence reduction benefits established by section 18–1–105(1)(b)(VII) were intended to apply to persons sentenced in the aggravated range. To the contrary, the language and structure of the two statutes supports the conclusion that H.B. 1200, including its special provision respecting post-conviction sentence reduction proceedings, applies only to persons serving presumptive range sentences. To the extent *People v. Gallegos*, 789 P.2d 461 (Colo.App.1989), is inconsistent with the views expressed herein, that decision is disapproved.

The General Assembly did not intend the provisions of S.B. 148 respecting aggravated range sentences to apply retroactively. Therefore, the defendant was not entitled to the ameliorative benefits of that legislation either at his initial sentencing proceeding or at his post-conviction sentence reduction proceeding.

### III

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

---

**6.** It is also not disputed that the General Assembly intended the retroactivity feature of section 18–1–105(1)(b)(VII) to permit, but not require, trial courts to apply the reduced sentences established by the 1988 amendments.

**7.** *See, e.g., Conference Committee Summary on H.B. 1200,* 56th Gen. Assembly, 2d Regular Sess., May 16, 1988; House Judiciary Committee Hearing on H.B. 1200, 56th Gen. Assembly, 2d Regular Sess., Feb. 2, 1988.