**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Frank James RODRIGUEZ,
Defendant–Appellant.**

**No. 91CA0264.**

Colorado Court of Appeals,
Div. I.

June 4, 1992.

As Modified on Denial of Rehearing
Aug. 13, 1992.

Certiorari Denied March 29, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Fredric B. Butler, Eagle, for defendant-appellant.

Opinion by Judge HUME.

Defendant, Frank James Rodriguez, appeals the judgment entered upon jury verdicts finding him guilty of driving after revocation prohibited and driving while license denied, suspended, or revoked. He also seeks review of the sentence imposed by the trial court. We affirm in part, reverse in part, and remand with directions.

I.

Defendant first contends that there were insufficient grounds for the arresting officer to conduct an investigatory stop. We disagree.

In order for an investigatory stop to be constitutionally valid, three prerequisites must be met:

(1) [T]here must be an articulable and specific basis in fact for suspecting that criminal activity has taken place, is in progress, or is about to occur; (2) the purpose of the intrusion must be reasonable; and (3) the scope and character of the intrusion must be reasonably related to its purpose.

*People v. Garcia*, 789 P.2d 190 (Colo.1990).

An objective standard is used in determining whether there was reasonable suspicion necessary for the investigatory stop. Under that standard, we must ascertain whether there were specific and articulable facts known to the officer which, taken together with rational inferences therefrom, created a reasonable suspicion of criminal activity to justify the intrusion into defendant's personal security. *People v. Thomas*, 660 P.2d 1272 (Colo.1983).

In determining whether reasonable suspicion exists, we must look to the totality of the circumstances. *People v. Bell*, 698 P.2d 269 (Colo.1985). However, the facts known to the officers immediately prior to the intrusion are of critical importance. *People v. Thomas, supra.*

Here, the police were called because a suspect was fleeing from the scene of a theft. Witnesses described the suspect by race, height, build, and clothing. An officer went to the vicinity of a parking area where the suspect was last seen. At that location the officer saw a man matching the suspect's description leaving the vicinity in a black Toyota pickup. The officer obtained the truck's license plate number and broadcast the information to fellow officers.

Soon thereafter, a second officer saw a black truck with that plate number in the vicinity of the theft. He pursued the truck and eventually stopped it.

Because the driver, defendant, did not have his driver's license with him, the officer returned to his patrol car to verify by radio whether he had a valid driver's license. The process took from three to five

minutes. Upon learning that defendant's driver's license has been revoked, the officer arrested him for driving under revocation. Under these circumstances, we conclude that the arresting officer did have a reasonable suspicion to make a valid investigatory stop. *See People v. Mascarenas*, 726 P.2d 644 (Colo.1986).

## II.

■ Defendant next contends that driving while license denied, suspended, or revoked, pursuant to § 42–2–130(1)(a), C.R.S. (1991 Cum.Supp.), and driving after revocation prohibited under § 42–2–206, C.R.S. (1984 Repl.Vol. 17) proscribe the same act or conduct and that, therefore, he may not be convicted or punished under both statutes for such conduct. We agree.

Section 42–2–130(1)(a) provides, in pertinent part:

Any person who drives a motor vehicle ... upon any highway of this state at a time when his driver's ... license ... is denied, suspended or revoked for any reason other than conviction of an alcohol-related driving offense pursuant to § 42–2–1202(1) or (1.5) is guilty of a misdemeanor....

Section 42–2–206(1) defined a separate and distinct felony offense if the act of driving was committed by a person whose privilege to drive had been revoked as an habitual offender. *See People v. Moore*, 200 Colo. 481, 615 P.2d 726 (1980) (misdemeanor statute and felony statute create distinct offenses).

Being an habitual offender is a statutorily defined status. If a person has been convicted of three or more of the offenses described in § 42–2–202(2)(a), C.R.S. (1984 Repl.Vol. 17) within a seven-year period such person could be adjudged an habitual offender and his or her license could be revoked pursuant to § 42–2–203, C.R.S. (1984 Repl.Vol. 17).

Since the felony includes all of the elements required by the misdemeanor, the latter is a lesser included offense of the former. Hence, a defendant cannot be convicted of both offenses when the conduct is proscribed by the two statutes. *See* §§ 18–1–408(1)(a) and 18–1–408(5)(a), C.R.S. (1986 Repl.Vol. 8B); *People v. Bartowsheski*, 661 P.2d 235 (Colo.1983).

■ Here, the jury found that defendant had been adjudged an habitual offender after considering a certified copy of an order revoking his privilege to drive. The order of revocation was entered on February 3, 1988, effective through February 2, 1993. The evidence also revealed that defendant was stopped while driving his truck during the period of revocation and that he admitted he knew his license had been revoked.

Thus, the evidence was sufficient to support the jury's finding of defendant's guilt as to the felony. *See Kogan v. People*, 756 P.2d 945 (Colo.1988). However, the jury should have been instructed that the misdemeanor offense was included within the felony offense and that defendant could not properly be convicted of both such offenses. The court erred in entering judgments of conviction on both verdicts returned by the jury. Hence, the judgment and sentence for the misdemeanor cannot stand.

## III.

Defendant next contends that the trial court erred in admitting certain similar transaction evidence under CRE 404(b). We disagree.

■ A four-part analysis is required to determine whether evidence of similar transactions is admissible: (1) whether the proffered evidence relates to a material fact; (2) whether the evidence is logically relevant; (3) whether logical relevance is independent of the intermediate inference that the defendant had bad character; and (4) whether the probative value is substantially outweighed by danger of unfair prejudice. *People v. Spoto*, 795 P.2d 1314 (Colo.1990).

■ The trial court has substantial discretion in deciding the admissibility of evidence of similar transactions and only if there is an abuse of discretion will that

ruling be disturbed on appeal. *People v. Mathes*, 703 P.2d 608 (Colo.App.1985).

 Here, the People sought to introduce certain records from the Department of Motor Vehicles. Included among the records was an order of denial in lieu of revocation, an order of suspension or denial, and an order of revocation as an habitual offender. Two of the orders related to alcohol-related offenses committed by the defendant.

Defendant contends that the admission of such evidence was prejudicial because it went to show he acted in conformity with his bad character. However, the People did not offer the evidence to show bad character but, instead, offered it to prove elements of the charged felony offense. Furthermore, the trial court excised significant portions of the challenged evidence pertaining to alcohol offenses. Thus, we perceive no abuse of discretion in the trial court's ruling.

### IV.

 Defendant's final contention is that the trial court erred in applying the mandatory sentencing provisions of § 42–2–206(1), C.R.S. (1984 Repl.Vol. 17). We disagree.

Prior to its amendment in 1990, § 42–2–206(1) provided that driving after revocation prohibited was a class 5 felony. It further required that an offender be sentenced to a mandatory prison term except for certain specifically delineated circumstances. However, after its amendment, § 42–2–206(1), C.R.S. (1991 Cum.Supp.) provides that the offense is a class 6 felony and that an offender should be punished as provided in § 18–1–105, C.R.S. (1991 Cum. Supp.).

Defendant claims that because he was not *convicted* until after the amended statute was in place, the sentencing provision of the amendment should apply rather than the mandatory sentencing provisions of the prior statute. We find this argument unpersuasive.

Colo.Sess. Laws 1990, ch. 120, § 36 at 957 expressly provides that the act amend-ing § 42–2–206 is to apply to offenses *committed* on or after July 1, 1990. Here, defendant committed the act on December 2, 1989. Thus, defendant was properly sentenced under § 42–2–206(1) prior to its amendment. *See generally Riley v. People*, 828 P.2d 254 (Colo.1992).

The judgment of conviction and sentence for violation of § 42–2–206(1), C.R.S. (1984 Repl.Vol. 17) are affirmed. The judgment of conviction and sentence for violation of § 42–2–130(1)(a), C.R.S. (1991 Cum.Supp.) are reversed, and the cause is remanded with instructions that the trial court correct the mittimus accordingly.

PIERCE and ROTHENBERG, JJ., concur.