The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Jerry THOMPSON, Jr., Defendant–Appellant.

No. 93CA0937.

Colorado Court of Appeals, Div. II.

Dec. 29, 1994.

Rehearing Denied Feb. 2, 1995.

Certiorari Denied June 30, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Susan J. Schneider, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Beth L. Krulewitch, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge ROY.

Defendant, Jerry Thompson, Jr., appeals a one-year sentence to the Department of Corrections imposed by the trial court following his guilty plea to one count of second degree forgery, a class 5 felony.

The sole issue on appeal is whether a defendant convicted of a class 5 felony with two prior felony convictions may be sentenced to a fine, without incarceration or probation, and without the consent of the prosecutor. We conclude that such a sentence is permitted and, thus, vacate the sentence of imprisonment and remand for reconsideration.

In November 1992, defendant was charged with one count of theft and one count of second degree forgery arising out of his issuance of a stolen and forged check in March 1992. The defendant, pursuant to a plea agreement, entered a guilty plea to the forgery charge; the theft charge was dismissed; and the prosecutor agreed to recommend probation. The plea agreement was based, in part, on the understanding that defendant had only one prior felony conviction. At the sentencing hearing, however, it was discovered that the defendant had two prior felony convictions and the prosecutor refused to recommend probation.

Without the recommendation of the prosecutor, a defendant with two prior felony convictions is not eligible for probation. Section 16–11–201(2), C.R.S. (1986 Repl.Vol. 8A); § 16–11–201(4), C.R.S. (1994 Cum.Supp.). Defense counsel requested that the court consider imposing a fine only. The trial court found that "prison is not an appropriate sentence for [defendant]" but concluded that, because of defendant's two prior felony convictions, it was without authority to impose only a fine. Accordingly, it imposed the sentence here at issue.

The primary task of an appellate court in interpreting a statute is to give effect to the intent of the General Assembly. To discern that intent, we should look first to the plain language of the statute and should interpret statutory terms in accordance with their commonly accepted meanings. *Whimbush v. People*, 869 P.2d 1245 (Colo.1994). Furthermore, when the statutory language is clear and unambiguous, the statute must be interpreted as written. *People v. Zapotocky*, 869 P.2d 1234 (Colo.1994). However, a penal measure is to be strictly construed in favor of the accused, and in the event an ambiguity exists, the construction favoring the defendant must be adopted. *People v. Roybal*, 618 P.2d 1121 (Colo.1980).

Section 18–1–105(1)(a)(III)(A), C.R.S. (1994 Cum.Supp.) provides as follows:

As to *any person* sentenced for a felony committed on or after July 1, 1985, in addition to, *or in lieu of,* any sentence to imprisonment, probation, community corrections, or work release, *a fine* within the following presumptive ranges may be imposed.... (emphasis added)

Section 18–1–105(1)(b)(II), C.R.S. (1986 Repl.Vol. 8B) provides:

As to *any person* sentenced for a felony committed on or after July 1, 1985, a person may be sentenced to imprisonment ... *or* to pay a fine which is within the presumptive ranges ... or to both such fine and imprisonment. (emphasis added)

This statutory section goes on to prohibit the imposition of a fine in lieu of incarceration in three circumstances: (1) when the sentence is for a class 1 felony in which case a fine is not an available alternative, § 18–1–105(1)(a)(III)(A); (2) when the sentence is for a crime of violence in which event a fine may be imposed in addition to, but not instead of, a sentence to imprisonment, § 18–1–105(1)(b)(III), C.R.S. (1986 Repl.Vol. 8B.); and (3) when the person is convicted of first or second degree assault and the victim is a peace officer or firefighter in which event a fine may be imposed in addition to, but not in lieu of, a term of imprisonment, § 18–1–105(1)(b)(IV), C.R.S. (1994 Cum.Supp.).

Finally, § 16–11–101(1), C.R.S. (1986 Repl. Vol. 8A) provides:

Within the limitations of the penalties provided by the classification of the offense of which a person is found guilty, and subject to the provisions of this title, the trial court has the following alternatives in entering judgment imposing a sentence:

Within that provision, § 16–11–101(1)(e), C.R.S. (1994 Cum.Supp.) provides:

The defendant may be sentenced to the payment of a fine or to a term of imprisonment or to both a term of imprisonment and the payment of a fine. No fine shall be imposed for conviction of a felony except as provided in sections 18–1–105 and 25–15–310, articles 22 to 29 of title 39, or article 3 of title 42, C.R.S.

■ The plain meaning of this statutory scheme is that for a class 5 felony committed on or after July 1, 1985, a fine in lieu of incarceration is a valid sentencing alternative unless the felony involved a crime of violence or an assault on a firefighter or peace officer. Since the defendant's conviction for second degree forgery did not involve any of the exceptions, we conclude that a fine in lieu of incarceration was a permissible sentencing alternative.

Our conclusion is bolstered by the sentencing alternatives available for felonies under prior versions of the statute. For a class 5 felony committed "after July 1, 1979 and before July 1, 1984," the sentencing range is one to two years of imprisonment plus one year of parole without provision being made for any fine. Section 18–1–105(1)(a)(I), C.R.S. (1986 Repl.Vol. 8B). For a felony committed on or after July 1, 1984, and before July 1, 1985, the authorized penalty is one to two years in prison without provision being made for a fine. Section 18–1–105(1)(a)(II), C.R.S. (1986 Repl.Vol. 8B). Therefore, the addition of an authorization of a fine for crimes committed on or after July 1, 1985, in clear and unambiguous language must be given effect.

Relying on § 18–1–105(10), C.R.S. (1994 Cum.Supp.), § 16–11–201(2), and § 16–11–201(4), the People contend that the district attorney's refusal to recommend a suspended sentence or probation prohibits the imposition of a fine as a sentence. These sections are limited in their application, by their express terms, to eligibility for probation, and they are completely silent as to fines. The refusal of the district attorney to recommend probation or a suspended sentence simply excludes those sentencing alternatives; it does not eliminate any other sentencing alternatives which are otherwise permissible.

Relying on *People ex rel. Gallagher v. District Court,* 632 P.2d 1009 (Colo.1981), the People also contend that a convicted felon, with two prior convictions, must be sentenced to the custody of the Department of Corrections. *Gallagher* predates the legislative action authorizing a fine in lieu of incarceration; therefore, it is not of any assistance here.

■ A sentence imposed by a trial court must reflect a rational selection from all of the sentencing alternatives available. *People*

*v. Martinez,* 628 P.2d 608 (Colo.1981); *People v. Thiery,* 780 P.2d 8 (Colo.App.1989). When a sentencing court mistakenly believes it does not have discretion to impose a particular sentence, then remand for reconsideration in light of all of the available options is required. *People v. Gallegos,* 789 P.2d 461 (Colo.App.1989); *see also People v. Martinez, supra.*

Here, the trial court mistakenly concluded that it lacked the authority to impose a fine in lieu of incarceration pursuant to § 18–1–105(1)(a)(III)(A) and did not consider a fine after reaching that conclusion. We conclude that the appropriate remedy is to vacate the sentence and remand for reconsideration.

In light of our resolution above, we need not address defendant's other contentions.

Defendant's sentence is vacated, and the cause is remanded for further proceedings consistent with this opinion.

STERNBERG, C.J., and PIERCE *, concur.