The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Kurt W. PREUSS, Defendant–Appellant.

No. 94CA1430.

Colorado Court of Appeals,
Div. IV.

Dec. 21, 1995.

Rehearing Denied Feb. 22, 1996.

Certiorari Denied July 29, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, M. Catherine Duba, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Cherner & Blackman, Barbara S. Blackman, Denver, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

In this appeal, the dispositive issue is whether the constitutional guarantee against double jeopardy was violated when defendant, Kurt Preuss, had his probationary status revoked and a consecutive sentence

imposed because of a subsequent criminal conviction. We conclude there was no constitutional violation and, hence, affirm the sentence imposed.

On July 31, 1992, defendant was charged in Larimer County with two counts of aggravated incest involving his nine-year-old daughter. Pursuant to a plea agreement, defendant pled guilty and was sentenced to four years probation. As a condition of probation, defendant was ordered to have no contact with the victim other than in therapy. As required by § 16–11–204(1), C.R.S. (1995 Cum.Supp.), another condition was "that the defendant not commit another offense during the period for which the sentence remains subject to revocation...."

In October 1993, defendant was convicted in Boulder County of five counts of aggravated incest and five counts of sexual assault on a child, again involving the same victim. For this second conviction, defendant received an aggravated sentence of 25 years in the Department of Corrections. An aggravated sentence was required because defendant was on probation for a felony at the time he committed the subsequent felonies. *See* § 18–1–105(9)(a)(III), C.R.S. (1986 Repl.Vol. 8B).

On October 20, 1993, the Larimer County district attorney filed a motion to revoke defendant's probation because of the charges filed in Boulder County. Defendant confessed the motion, but argued that any sentence imposed in Larimer County would have to run concurrent to the sentence in Boulder County because the Boulder County district court had sentenced him in the aggravated range based on his probationary status. The Larimer County court rejected defendant's argument and sentenced him to six years in the Department of Corrections, consecutive to his Boulder County sentence.

Defendant contends that the imposition of a consecutive sentence upon revocation of probation in Larimer County represented additional punishment for the same offenses he had been punished for in Boulder County, in violation of federal and state constitutional guarantees against double jeopardy. We do not agree.

■ The prohibitions against double jeopardy in the Sixth Amendment and Colo. Const. art. 2, § 18, protect an accused from being placed in jeopardy twice for the same offense. *People v. Allen,* 868 P.2d 379 (Colo. 1994). The doctrine serves three purposes: (1) to protect against a second prosecution for the same offense after acquittal; (2) to protect against a second prosecution for the same offense after conviction; and (3) to protect against multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *People v. Williams,* 651 P.2d 899 (Colo.1982).

Although no Colorado appellate decision has yet addressed whether principles of double jeopardy apply to probation revocation proceedings, jurisdictions that have addressed this issue have almost uniformly concluded that double jeopardy concerns do not arise because probation revocation is not part of a criminal prosecution and constitutes only a reconsideration of the original sentence. *See, e.g., Williams v. Wainwright,* 650 F.2d 58 (5th Cir.1981); *United States v. Clayton,* 588 F.2d 1288 (9th Cir.1979); *United States v. Fultz,* 482 F.2d 1 (8th Cir.1973); *People v. Marrow,* 210 Mich.App. 455, 534 N.W.2d 153 (1995); *In re Lucio F.T.,* 119 N.M. 76, 888 P.2d 958 (App.1994); *Roberts v. State,* 644 So.2d 81 (Fla.1994); *State v. Maricich,* 101 Or.App. 212, 789 P.2d 701 (1990); *State v. Quarles,* 13 Kan.App.2d 51, 761 P.2d 317 (1988). *Cf. People v. Hrapski,* 718 P.2d 1050 (Colo.1986) (Colorado's habitual criminal statutes do not violate double jeopardy).

Acknowledging the weight of this contrary case law, defendant nevertheless contends that the recent Supreme Court decision in *United States v. Dixon,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) compels a different result. We conclude that the defendant's reliance on *Dixon* is misplaced.

The Supreme Court held in *Dixon* that protections against double jeopardy apply when an individual is criminally prosecuted for a crime after he or she was previously convicted in a criminal contempt proceeding for the same conduct. The Court's rationale was based on its characterization of criminal contempt as a substantive offense to which other constitutional protections, such as presumption of innocence and proof beyond a

reasonable doubt, would apply. *United States v. Dixon, supra; see also People v. Stenson,* 902 P.2d 389 (Colo.App.1994) (distinguishing *Dixon,* finding no double jeopardy violation where defendant is ordered to serve previously suspended sentence and is subsequently prosecuted based on the same events).

However, in the instant case, defendant's probation violation led only to reconsideration of the sentence originally imposed and not to a separate criminal prosecution for violating probation. Hence, the *Dixon* analysis does not apply here because the second proceeding was not a criminal prosecution, but merely concerned probation revocation.

■ We agree with the rationale of the other jurisdictions that have addressed this issue and conclude that double jeopardy is not implicated by probation revocation proceedings because the function of those proceedings is not to punish a defendant for a new crime. Rather, their purpose is to ascertain an appropriate sentence for an offense of which defendant has already been convicted and for which probation was granted. *See People ex rel. Gallagher v. District Court,* 196 Colo. 499, 502, 591 P.2d 1015, 1017 (1978) ("[P]robation revocation ... operates not as a determination of guilt or innocence as to the question of whether the defendant violated the terms of his probation, but primarily as a reassessment of the correctness of the original sentence.").

■ Thus, defendant's conviction in Boulder County properly served as the basis to revoke defendant's probation and reassess his sentence on the earlier, separate conviction in Larimer County. Further, the trial court was authorized to impose any sentence within the range that originally could have been imposed, *People v. Hutchings,* 881 P.2d 466 (Colo.App.1994), and it had discretion to impose that sentence either concurrently or consecutively to another sentence. *People v. Wieghard,* 743 P.2d 977 (Colo.App.1987).

Sentence affirmed.

NEY and KAPELKE, JJ., concur.