**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Robert A. LOPEZ, Defendant–Appellant.**

No. 02CA0444.

Colorado Court of Appeals,
Div. A.

Jan. 29, 2004.

Certiorari Granted Sept. 7, 2004.

224

Ken Salazar, Attorney General, John D. Seidel, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Cynthia Camp, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Chief Judge DAVIDSON.

Defendant, Robert A. Lopez, appeals from the sentence imposed upon revocation of his deferred judgment for unlawful possession of a schedule II controlled substance. We affirm.

Defendant was arrested for unlawfully possessing .15 grams of cocaine. Defendant pleaded guilty to unlawful possession of a schedule II controlled substance pursuant to a two-year deferred judgment and sentence agreement, which provided, among other things, that defendant not commit any new offenses, use alcohol, or use controlled substances without a prescription. At the time defendant entered his plea, he was advised that the maximum possible sentence of imprisonment was a term of twelve years.

Shortly after the deferred judgment and sentence commenced, a test of defendant's urine revealed that he had used cocaine. As a result, the trial court remanded defendant to serve three days in jail. However, the court did not revoke the deferred judgment and sentence.

Approximately two months later, the prosecution filed a motion to revoke the deferred judgment and sentence because defendant had been charged with vehicular homicide. Defendant was subsequently convicted of vehicular homicide, driving under the influence of alcohol, and driving with excessive alcohol content. As a result, the deferred judgment and sentence were revoked.

At a combined sentencing hearing, the trial court found extraordinary aggravating circumstances in this case based on the facts surrounding the vehicular homicide, defendant's lengthy history of drug and alcohol abuse, and his positive test for illegal drugs in violation of the deferred judgment and sentence agreement. Accordingly, the court imposed the maximum aggravated range sentence, twelve years in the custody of the Department of Corrections, and ordered that it be served consecutively to defendant's sentence in the vehicular homicide case.

I.

■ Defendant first argues that the sentence imposed by the trial court for the possession conviction violated the state and federal constitutional protections against double jeopardy because it was based on the same facts supporting his vehicular homicide conviction. According to defendant, the trial court punished him twice for the vehicular homicide conviction. We disagree.

■ The prohibitions against double jeopardy in the Sixth Amendment and Colo. Const. art. 2, § 18, protect an accused from being placed in jeopardy twice for the same offense. As relevant here, the doctrine protects against imposition of multiple punishments for the same offense. *People v. Preuss*, 920 P.2d 859, 860 (Colo.App.1995).

In *Preuss*, a division of this court held that the revocation of probation based on commission of a new offense does not violate double jeopardy protections because the revocation proceeding is a resentencing for the underlying offense, not an additional punishment for the new offense. *See People v. Preuss, supra* (distinguishing *United States v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), on which defendant here relies, in which the Supreme Court held that the protections against double jeopardy apply when an individual is criminally prosecuted for a crime after he has been previously convicted in a criminal contempt proceeding for the same conduct).

■ Similarly, a plea of guilty under § 18–1.3–102, C.R.S.2003 (codified as § 16–7–403(2) at the time of defendant's plea), resolves the issue of guilt and constitutes jeopardy because only the formal entry of judgment and the imposition of sentence remain. *Jeffrey v. Dist. Court*, 626 P.2d 631, 635 n. 4 (Colo.1981). Thus, in the imposition of a previously deferred judgment and sentence, as in a probation revocation, the trial court need only ascertain the appropriate sentence

for an offense to which the defendant has already pleaded guilty.

Accordingly, no double jeopardy prohibition was implicated when the trial court here based its sentencing decision, in part, on the facts of the vehicular homicide case.

## II.

■ Defendant next argues that, upon imposition of a previously deferred sentence, a trial court is without authority to impose an aggravated range sentence. Again, we disagree.

■ The primary task of an appellate court in interpreting a statute is to give effect to the intent of the General Assembly. To discern that intent, we should look first to the plain language of the statute and should interpret statutory terms in accordance with their commonly accepted meanings. Furthermore, when the statutory language is clear and unambiguous, the statute must be interpreted as written. *People v. Thompson,* 897 P.2d 857, 858 (Colo.App.1994).

Section 18–1.3–401(6), C.R.S.2003, contains the following relevant provisions as to aggravated range sentences:

In imposing a sentence to incarceration, the court shall impose a definite sentence which is within the presumptive ranges . . . unless it concludes that extraordinary . . . aggravating circumstances are present, are based on evidence in the record of the sentencing hearing and the presentence report, and support a different sentence which better serves the purposes of this code with respect to sentencing, as set forth in section 18–1–102.5. If the court finds such extraordinary . . . aggravating circumstances, it may impose a sentence which is . . . greater than the presumptive range; except that in no case shall the term of sentence be greater than twice the maximum . . . term authorized in the presumptive range for the punishment of the offense.

The deferred judgment and sentence statute provides that "upon a breach by the defendant of any condition regulating the conduct of the defendant, the court shall enter judgment and impose sentence upon such guilty plea." Section 18–1.3–102(2), C.R.S.2003. Nothing in the plain language of § 18–1.3–102(2) suggests that the sentencing range upon imposition of a previously deferred sentence differs in any way from the range that would have applied absent deferral. *Cf. People v. Allen,* 973 P.2d 620, 621 (Colo.1999)(aggravated range sentence imposed when defendant violated the conditions of a deferred judgment and sentence agreement by committing new offenses).

## III.

Defendant next argues that the trial court abused its discretion by imposing an aggravated range sentence. We are not persuaded.

■ Sentencing is a discretionary function, and because the trial court is more familiar with the defendant and the circumstances of the case, it is accorded wide latitude in its decisions on such matters. Thus, a trial court's sentencing decision will not be disturbed absent a clear abuse of discretion. *People v. Watkins,* 684 P.2d 234 (Colo.1984).

■ In exercising its sentencing discretion, a trial court must consider the nature and elements of the offense, the character and rehabilitative potential of the offender, any aggravating or mitigating circumstances, and the public interest in safety and deterrence. *People v. Eurioste,* 12 P.3d 847 (Colo. App.2000).

Unlawful possession of a schedule II controlled substance is a class four felony carrying a presumptive sentencing range of two to six years imprisonment. Sections 18–1.3–401(1)(a)(V)(A), 18–18–405(2)(a)(I), C.R.S. 2003. However, upon a finding of extraordinary aggravating circumstances, the trial court may impose an aggravated range sentence of up to twelve years pursuant to § 18–1.3–401(6).

■ When a sentence outside the presumptive range is imposed, the court is required to make findings as to the aggravating circumstances that justify variation from the presumptive range and the reasons for imposing the sentence. Section 18–1.3–401(7), C.R.S.2003. A reasonable explanation

of the sentence imposed will suffice, provided the record of the sentencing proceeding indicates that the court considered the essential statutory factors. *People v. Eurioste, supra.*

 Although there was some overlap between the court's two sets of findings of extraordinary aggravating circumstances, the trial court sufficiently separated its findings here from those in the vehicular homicide case. In addition, the record indicates that the trial court gave due consideration to all relevant sentencing factors, including the nature of this controlled substance offense and defendant's rehabilitative potential. Accordingly, we perceive no abuse of discretion in the sentence imposed.

The record does not support defendant's suggestion that the trial court imposed an excessive sentence in this case because it was frustrated that it could not impose a longer sentence in the vehicular homicide case. Although the trial court compared vehicular homicide to extreme indifference murder, it is nevertheless apparent that the court clearly understood the parameters of its sentencing authority.

### IV.

Defendant contends the trial court failed to make the necessary findings to support its order that this sentence be served consecutively to the sentence in the vehicular homicide case. We disagree.

When a defendant is convicted of multiple offenses, the sentencing court has discretion to impose consecutive or concurrent sentences. *People v. Phong Le,* 74 P.3d 431 (Colo.App.2003).

Here, it is evident from the court's explanation of its sentencing decision that the court ordered this sentence to be served consecutively so that defendant received a separate punishment for his controlled substance offense. Therefore, this case is distinguishable from *People v. Fuller,* 791 P.2d 702, 704 (Colo.1990), on which defendant relies, where the trial court gave no indication whatsoever as to why it ordered that the defendant's previously deferred sentence be served consecutively to his new sentence.

### V.

Finally, defendant argues that the aggravated range sentence imposed by the court was unlawful under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because it was based on a judicial finding of extraordinary aggravating circumstances that were not determined by a jury. We reject this argument for the reasons set forth in *People v. Allen,* 78 P.3d 751 (Colo.App.2001).

The sentence is affirmed.

Justice KIRSHBAUM and Judge PIERCE *, concur.